68 U.S. 291 (1863)
1 Wall. 291
VAN HOSTRUP
v.
MADISON CITY.
Supreme Court of United States.

*293 Mr. Johnson, for the city of Madison.
Messrs. Porter and Roelker, contra.
*295 Mr. Justice NELSON delivered the opinion of the court:
One point of objection to the bonds is that the Columbus and Shelby Railroad does not, by the terms of its charter or in fact, terminate at the city of Madison; and hence, that the road is not within the description of one in which the city was authorized to take stock.
*296 The words are, "to take stock in any chartered company for making a road or roads to the said city." It is supposed that the authority to subscribe is tied down to a chartered road, the line of which comes within the limits of the city; and that the words are to be taken in the most literal and restrictive sense. But this, we think, would be not only a very narrow and strained construction of the terms of the clause, but would defeat the manifest object and purpose of it.
The power was sought and granted, with the obvious idea of enabling the city to promote its commercial and business interests, by affording a ready and convenient access to it from different parts of the interior of the State, and thus to compete with other cities on the Ohio River and in the interior which were or might be in the enjoyment of railroad facilities. This object and purpose, we think, should be kept constantly in view in giving a construction to the clause in the charter. For while it will operate to prevent a narrow and fruitless interpretation, it will have the effect of guarding against any abuse or unreasonable extension of the power.
We think it quite clear, a subscription to a road wholly unconnected with roads leading to the city, would not be within its fair meaning and intent, but are equally satisfied that a subscription to a road in extension and prolongation of one leading into the city is within it.
It will be admitted if a railroad had been chartered, originally, from the city of Madison to Shelbyville, by the way of Columbus, a subscription to the stock would have come within the very words of the charter, and what difference, in good sense or principle, or with reference to the object and purpose of the clause, is there between that case and the one before us? The object of the subscription in the first was to extend the facilities of railroad communication through the interior between the two towns, the termini of the road. In the second, as a road had already been made to Columbus, and in operation, the intercommunication is accomplished by a subscription to a line from Columbus to Shelby. The *297 difference between the two cases is simply a dispute upon words.
The terms of the clause do not limit the subscription to one road or to one company, "road or roads in any chartered company." The argument, therefore, against the power rests exclusively upon the effect to be given to the concluding words, "to said city." We have already considered and given our construction of them.
It was strongly argued, that upon this construction great abuses may be committed by the city corporation in subscriptions of stock to remote companies, in which it would have but little, if any, interest or advantage. In the construction of the grant of powers, extreme cases may be suggested against it, which it is difficult to answer. But in the present and kindred cases, something may be trusted to the wisdom and integrity, as well as the interest, of the body appointed to execute the power.
Another objection taken is, that the proviso requiring a petition of two-thirds of the citizens, who were freeholders of the city, was not complied with. As we have seen, the bonds signed by the mayor and clerk of the city recite on the face of them that they were issued by virtue of an ordinance of the Common Council of the city, passed September 2d, 1852. This concludes the city as to any irregularities that may have existed in carrying into execution the power granted to subscribe the stock and issue the bonds, as has been repeatedly held by this court.
Our conclusion upon the whole case is, that full power existed in the defendants to issue the bonds, and that the plaintiffs are entitled to recover the interest coupons in question. Even if the case had been doubtful, inasmuch as the city authorities have given this construction to the charter, and bonds have been issued and in the hands of bonâ fide purchasers for value, we should have felt bound to acquiesce in it.
JUDGMENT REVERSED WITH COSTS, AND CAUSE REMANDED, &c.