CHARLES W. PARKER, Executor of ELEAZER BLOCK, Respondent, *v.* JOHN H. GARNHART, Appellant.

1. *Bills and notes — Lands — Notes given for purchase money; deed of trust to secure — Verbal agreement to buy in land under given condition — Suit on notes, etc.* — Where the vendee of land paid a portion of the purchase money, and for the remainder gave his notes, secured by deed of trust on the property, testimony simply showing that the vendor expressed his willingness to exchange the notes for the land in case he could get a good title without a sale under the deed of trust, and that the property was sold six months after by the trustee, and bought in by the vendor, without showing any connection between the events, would not prevent the vendor from recovering judgment upon the notes, notwithstanding the apparent hardship to defendant of such a proceeding.

*Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day*, and *Glover & Shepley*, for appellant.

*Sharp & Broadhead*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues on sundry notes drawn by the defendant and payable to the plaintiff's testator. The execution of the notes is admitted, but it is alleged in defense that the notes were given for real estate purchased of Block, deceased, to secure a portion of the purchase money; that these notes were secured by deed of trust on the identical land conveyed to the defendant by Block; that the defendant, in January or February, 1862, having then paid in all some $800 of the purchase money, proposed to Block to take back the land and give up the remaining notes; that Block assented to this, and afterward, in August, 1862, bought in the land at trustee's sale, and had it conveyed to himself, as in execution of such arrangement. It is asked that the notes be canceled and delivered up to the defendant.

At the trial it appeared that the defendant therein, acting through an agent, made to Block the proposition stated in the answer; that Block signified his willingness to accede to it, provided he could get back a good title to the land without resorting to a trustee's sale for that purpose, Block at the time saying that he would consult his lawyer on the subject, and see if that could be done. This was the end of the negotiation. Nothing more appears to have been said in regard to the matter; nor does it appear that the defendant ever offered to fulfill his part of the alleged arrangement, or that he ever again communicated with Block in relation to the proposed exchange of the land for the notes, or that Block ever again communicated with the defendant.

It is perfectly evident that the facts recited did not impose the slightest legal obligation on either party. It was all mere talk. Nothing was done by either. It does not even appear that Block consulted his attorney, nor was he under any legal obligation to do so. But some six months after the defendant made his propo-

sition to Block, Block's trustee, in pursuance of the provisions of the deed of trust, advertised and sold the property at public vendue, and Block bid it in, and took a conveyance of it from the trustee in the usual way. Had this sale and conveyance any connection with the negotiation such as it was between the plaintiff and the defendant's agent in the preceding January or February? There is not a syllable of testimony to indicate that there was, or that suggests the idea that Block had the property sold and bought it in, in pursuance of any prior arrangement with the defendant to do so. The defense has nothing to sustain it except the fact that Block expressed his willingness to exchange the notes for the land in case he could get a good title without a sale under the deed of trust, connected with the fact that the property was sold six months after by the trustee, and bought in by Block. But there is no evidence showing that these two events had any connection, or that the latter was in any way induced or brought about by the former, or by anything that ever passed between the defendant and Block. There was no error in giving or refusing instructions, and there is nothing to justify a reversal of the judgment of the Circuit Court.

There may be something unconscionable in the enforcement of the payment of these notes, the lands for which they were given having, under the circumstances stated, passed back into the hands of the grantor in the original conveyance. However this may be, and notwithstanding the apparent hardship to the defendant, the judgment must be affirmed. The other judges concur.