[No. 3,769.]

## ANDREW J. HIMMELMANN v. LEOPOLD CAHN AND SOLOMON HEYDENFELDT.

STREET ASSESSMENTS IN SAN FRANCISCO.—The notice inviting proposals for improving a street in the City and County of San Francisco must be posted in the office of the Superintendent of Public Streets and Highways, for five official days; that is, before 9 o'clock A. M. of the first day, and must remain posted until 4 o'clock P. M. of the fifth day.

IDEM.—An assessment for improving a street in San Francisco must contain a description of the property assessed.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 3d day of August, 1868, the Board of Supervisors of the City and County of San Francisco resolved to grade Jackson street from Polk street to Van Ness avenue. Such proceedings were had that a contract was entered into with John Hammill, and he performed the work. He assigned his demand to Himmelmann. This action was brought to enforce liens for an assessment on a lot to pay the expense of grading Jackson street, and also an assessment made about the same time for macadamizing the crossing of Van Ness avenue and Jackson street, which had been done under a contract with one Wm. Barker, who had also assigned to the plaintiff. The first count in the complaint was for the grading of Jackson street. The second count was for macadamizing the crossing of Van Ness avenue and Jackson street. Each count alleged that the assessment was made to an unknown owner, and that the defendants owned the lot described as commencing at a point on the north-east corner of Van Ness avenue and Jackson street, running thence northerly along the easterly line of Van Ness avenue .127 8¼-12 feet; thence at right angles easterly, and parallel

with Jackson street 123 feet; thence at right angles southerly, and parallel with Van Ness avenue 127 8¼-12 feet; thence at right angles westerly along the northerly line of

Jackson street 123 feet, to the point of beginning. This was the lot upon which a lien was sought to be enforced under each count of the complaint. Under the law for im-

proving the crossings of a street, the four quarter blocks at the corners were liable to be assessed.

The assessment introduced in evidence under the second count in the complaint contained no description of the lot, except the preceding diagram.

The plaintiff, during the trial, obtained leave to amend his complaint by adding to the description lot No. 6. The diagram does not show which was the north-east corner of the crossing of the street, nor does it contain the points of compass.

The Court below granted a nonsuit as to the second count in the complaint, because the property was not described in the assessment, and rendered judgment in favor of the defendants on the first count. The plaintiff moved for a new trial, and appealed from an order denying the same.

The other facts are stated in the dissenting opinion.

*Parker & Roche,* for the Appellant.

In the service of process or notices, the law does. not regard fractions of a day. (*Columbia Turnpike Road* v. *Hayward,* 10 Wend. 422; *Hughes* v. *Patton,* 12 Wend. 234; 1 How. Pr. 149; 4 Comstock, 478.) There can be no doubt of the sufficiency of the description of the lot. At most, it is but an irregularity which might have been corrected on appeal. (*Beaudry* v. *Valdez,* 32 Cal. 269.)

*H. K. Moore* and *D. H. Whittemore,* for the Respondents.

Why presume that the bottom of the diagram is east instead of west? An assessment should describe the lot assessed.

By the Court, McKINSTRY, J.:

We think the judgment should be affirmed. The statute requires that the notice inviting sealed proposals should be conspicuously posted in the office of the Superintendent of Public Streets and Highways for five days. We think this requires that the notice should remain posted in that office for five official days. In other words, it must be posted

before the commencement of the first day; that is, before 9 o'clock A. M., when, by statute, the office is to be opened, and remain posted during the whole of the first, second, third, fourth, and until 4 o'clock P. M. of the fifth day, at which hour the statute authorizes the office to be closed.

The assessment mentioned in the second count contains no description of the property.

RHODES, J., dissenting in part:

The notice inviting sealed proposals for doing the work was published between 3 and 4 o'clock P. M. of the 25th of August, and immediately thereafter a slip was cut from the newspaper and posted, and both the publication and the posting ended on the 29th of August. The statute (Sec. 6) provides that "the Board of Supervisors shall cause notice to be conspicuously posted in the office of the Superintendent of Public Streets and Highways, and published for five days, inviting sealed proposals for the work contemplated." The prevailing opinion does not question the sufficiency of the publication; and, as I construe the statute, no greater period is required for the posting than for the publication of the notice. The statute has assigned one and the same period for each, and I see nothing in the nature of those acts which requires or authorizes the Court to regard fractions of a day in one case, and not in the other, and thus require a longer period for the posting than for the publication of the notice.

I concur, however, with my associates, in holding that the nonsuit was properly granted as to the second count of the complaint, on the ground that the assessment contains no description of the property sought to be charged.