DETERMINED IN

# THE SUPREME COURT

52 257
87 334
52 257
113 53
52 257
138 223

# JULY TERM, 1877.

[No. 5136.]

## ANDREW B. McCREERY *v.* SIMEON SAWYER ET AL.

CONVEYANCE BY TRUSTEE TO BENEFICIARY. — If a city holds the title to lands within its limits as a trustee for the parties in possession of the same, and to be conveyed to such parties upon the compliance by them with certain conditions, and the proper authorities of the city convey the land, one who has no claim to the land cannot raise the question whether the grantee was a beneficiary, and entitled as such to the conveyance.

IDEM:—Such deed is conclusive as evidence in favor of the grantee, in ejectment by the grantee, against one who has no claim to the title of the city.

PLEA OF THE STATUTE OF LIMITATIONS.—An answer in ejectment stating that the defendant 'was, when the suit was commenced, is now, and has been for more than five years immediately prior thereto, the owner of and seized in fee, and entitled to the possession of the demanded premises, is not a plea of the Statute of Limitations.

PUEBLO LANDS OF SAN FRANCISCO.—One who claims title to Pueblo lands in San Francisco as a beneficiary under the Act of Congress of March 8th, 1866, and of Order No. 800, must show that his possession on the 8th of March, 1866, was *bona fide*.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Ejectment to recover Block No. 591 of the Western Addition, in San Francisco. The demanded premises were a part of the Pueblo lands of said city. The land in the Western Addition

VOL. LII.—17.

was occupied, and the city had been extended over it, when, on the 8th day of March, 1866, Congress passed an act confirming it to the city, and making the city a trustee for the parties in the *bona fide* actual possession of the lands on the 8th of March, 1866, on such conditions as the Legislature of this State should impose.

On the 14th day of January, 1868, the Board of Supervisors of the City and County of San Francisco passed an order called " Order No. 800," for the settlement of land titles within the corporate limits of the city and county. This order provided for a subdivision into blocks and lots of the Pueblo lands outside of the corporate limits of the city as it existed in 1851, and for a map of the same. Persons who were in the actual *bona fide* occupation of any of the land on the 8th day of March, 1866, or had been ousted before that day, and were entitled to recover possession by legal process, were the beneficiaries to whom the city was to convey; but there were some conditions which such persons were to fulfill before receiving a conveyance. One of these was the payment of all taxes which had been assessed on the land claimed for the five years preceding July 1st, 1866.

On the 27th of March, 1868, the Legislature passed an act ratifying and confirming said Order No. 800. On the trial of this case, the plaintiff offered in evidence a deed of the demanded premises from the City and County of San Francisco, by Thos. H. Selby, the Mayor, and rested. This deed, or the material parts of it, were as follows:

" This Indenture, made the 22nd day of April, A. D. 1870, between the City and County of San Francisco, in the State of California, party of the first part, and Andrew B. McCreery, of said city and county, party of the second part, witnesseth:

" Whereas, upon a petition duly verified by the said Andrew B. McCreery, the party of the second part, to the Board of Supervisors of said city and county, filed March 7th, 1870, numbered 1313, such proceedings were had under and by virtue of an Order of said city and county, known as Order No. 866, entitled ' To amend Order No. 748, entitled " An Order to expe-

dite the settlement of land titles in the City and County of San Francisco," and other Orders amendatory of and supplemental thereto,' approved the 29th day of April, 1869.

"That afterwards, the said Board of Supervisors, by an Order, entered in their minutes on the 7th day of March, A. D. 1870, did award a grant to the lands hereinafter described to the party of the second part.

"And whereas, due publication was made of such award, under the provisions of sec. 2 of Order No. 866, entitled 'To amend Order No. 748, entitled "An Order to expedite the settlement of land titles in the City and County of San Francisco," and other Orders amendatory of and supplemental thereto,' during the period of three weeks since the date of said award, and before the date of these presents, and no notice of any adverse claims has hitherto been filed according to the provisions of sec. 3 of said Act.

"Now, therefore, this Indenture witnesseth, that in consideration of the premises, and in accordance with the provisions of an Act of Congress approved the 8th day of March, A. D. 1866, entitled 'An Act to quiet the title to certain lands within the corporate limits of the City of San Francisco,' and in confirmation (as regards the premises hereinafter described) of the provisions of an order of the Board of Supervisors of said city and county, known as Order No. 800, entitled 'An Order for the settlement and quieting titles to land in the City and County of San Francisco, situate above high-water mark of the Bay of San Francisco and the Pacific Ocean, and without the corporate limits of the City of San Francisco,' ratified and confirmed by an Act of the Legislature of the State of California, passed March 27th, A. D. 1868, entitled 'An Act to confirm a certain order passed by the Board of Supervisors of the City and County of San Francisco, and another certain Act supplemental thereto,' approved as above, the said party of the second part having quitclaimed and peaceably delivered the possession of all lands claimed by said petitioner, reserved by the Committee of the Board of Supervisors on Outside Lands for the use and benefit of the city and county of San Francisco, as provided for in sec. 3 of Order No. 865.

" The party of the first part has granted, remised, released, and quitclaimed, and by these presents does grant, remise, release, convey, and quitclaim unto the party of the second part, his heirs and assigns forever, all and singular, the following piece or parcel of land, situate in the City and County of San Francisco, in the State of California, being part of that tract of land described by an Act of Congress approved March 8th, A.D. 1866, entitled ' An Act to quiet the title to certain lands within the corporate limits of the City of San Francisco,' which part hereby conveyed is bounded and described as follows :

" Block Five Hundred and Ninety-one, (591) bounded by Tyler, McAllister, Lyon, and Baker Streets."

The defendant objected to the deed, because evidence *dehors* the recitals in it had not been introduced to show that the plaintiff was one of the beneficiaries under the Act of Congress and Order 800. No such evidence had, in fact, been introduced. The Court overruled the objection. The plaintiff had judgment, and the defendant, C. P. Duane, appealed. The other facts are stated in the opinion.

*C. P. Duane*, in pro. per.

The recitals in the deed were not sufficient evidence of the truth of the same, and these recitals should have been proved.

The City of San Francisco was a trustee, and its deed, as such, must show the procuration on its face and be accompanied by proof of strict observance of all pre-requisites.

*Wilson & Wilson*, for Respondent.

A party not showing himself entitled to a deed from the city and county cannot question the right of a party receiving such deed. The deed itself is sufficient evidence as against the city or a stranger. (*Leroy* v. *Cunningham*, 44 Cal. 600 ; *Low* v. *Lewis*, 46 Ibid. 549; *Van Hastrup* v. *Madison City*, 1 Wall. 297 ; *Dupond* v. *Barstow*, 45 Cal. 451; *Doll* v. *Meador*, 16 Ibid. 325 ; *Randall* v. *Austin*, 46 Ibid. 269 ; *Wetherbee* v. *Dunn*, 32 Ibid. 108 ; *Flint* v. *Clinton*, 12 N. H. 430 ; Dillon on Cor. 435–6.)

By the Court:

1. The conveyance running to the plaintiff from the City and County of San Francisco was properly admitted in evidence.

When it was offered, and admitted, the defendant did not appear to have any claim to the title conferred on the city by the Act of March 8th, 1866, and conveyed to the plaintiff by the deed in question, and it was, therefore, no concern of his whether the plaintiff had been rightfully determined to be a beneficiary under the Act of 1866 or not. "That was a question" (as was said here in *Le Roy* v. *Cunningham*) "for the Board of Supervisors, in which the defendant had no concern, inasmuch as he was not entitled to the conveyance." (44 Cal. 609.)

2. The motion for nonsuit, as made in the Court below, when the plaintiff rested, was but a repetition in another form of the objections made to the conveyance—"that the plaintiff had not proved title or right of possession to the demanded premises." The motion assumed that the conveyance made by the city to the plaintiff was inoperative, because it had not been shown by evidence *dehors* the deed and its recitals, that the plaintiff was a beneficiary under the act, and it also assumed that the defendant was in a position to litigate that question.

The views we have expressed under the first point are decisive against the appellant upon this point.

3. It is next claimed by the appellant in his printed points, that he offered to show that "he was in the actual, *bona fide* possession of the demanded premises on the 8th of March, 1866, and claimed a right under the Act of Congress of that date."

The bill of exceptions, as found in the record, however, does not support the claim of the appellant in this respect. Its language upon this point is as follows: "In defense, defendants offered to prove that they had been in the actual, exclusive, and adverse possession of the demanded premises for five years and upwards, next before the filing of the complaint herein."

The offer, as thus made to the Court below, was objectionable in two prominent particulars:

(*a.*) It did not state that such possession as the defendant had was *bona fide.*

(b.) Inasmuch as the action was commenced in December, 1873, the offer, as made, did not carry the possession of the defendant, such as it was, as far back as the 8th day of March, 1866. The offer, as made, was not, therefore, an offer to show that the defendant was, or might justly claim to be, a beneficiary under the Act of Congress of March 8th, 1866, and was for that reason properly excluded by the Court below.

4. The last point made by the appellant is that he " should have been allowed to prove five years' adverse possession."

The only plea found in the record upon which it is claimed that this proof was admissible is as follows : " Further answering this defendant avers, that he is, and was at the time of the filing of the complaint in this action, and for more than five years immediately prior thereto, the owner, seized in fee, and entitled to the possession of the lands and premises in the first count of said complaint described, and of every part thereof."

It is obvious that this defense, as thus pleaded, is not a plea of the Statute of Limitations.

Judgment affirmed. Remittitur forthwith.