## . KIRKBRIDE *v.* LAFAYETTE COUNTY, Missouri.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF MISSOURI.

Decided April 2d, 1883.

*Municipal Corporations.*

Under an act of the legislature of Missouri, county courts of counties were au-
thorized to subscribe, in behalf of townships in their respective counties, to
the capital stock of any railroad company within that State "building or
promising to build a railroad into; through, or near such township, and to
issue bonds in the name of the county in payment of such subscription.
There was a vote of a township in favor of issuing bonds in aid of a particu-
lar railroad company. The subscription was made and the bonds issued,
reciting that they were authorized by a vote of the people, and were issued
under and pursuant to an order of the county court by authority of the act.
When the vote was taken and the bonds issued, the company did not pro-
pose to build a road into or through the township; but it was proposing to
build one from a point nine miles distant from the township to a farther
distance. Interest on the bonds was paid for three years. In a suit on
coupons of the bonds by a *bona fide* holder for value : *Held*, That the
courts should acquiesce in the determination by the qualified voters and
the local authorities that the proposed road was near the township, and
hold that there was legislative authority for issuing the bonds.

Suit to recover on interest coupons of bonds issued by the
county in payment of a subscription to the capital stock of the
St. Louis & St. Joseph Railroad Company. The answer de-
nied the authority of the county to make the subscription.
The court, a jury being waived, made the following special
findings :

I. The plaintiff's action is on coupons of bonds amounting to
five thousand seven hundred dollars. These bonds were issued
and delivered by the county court of the defendant to the St.
Louis & St. Joseph Railroad Company, in the month of Novem-
ber, 1868 ; said bonds are dated November 2d, 1868, and were
delivered about that date, and are of the following tenor, to wit :
[The finding then recited the bond.]—II. On the 5th of May,
1868, a petition of 25 tax-payers of Lexington township, in said
county, was filed in said county court, praying said court to order

an election of the qualified voters of said township for the purpose of taking the sense of the qualified voters on subscribing by said township $75,000.00 to the capital stock of the St. Louis & St. Joseph Railroad Company, and that such election was ordered and held, and resulted by the proper vote in favor of such subscription.—III. That on 7th July, 1868, said county court, in pursuance of such election, did subscribe the sum of $75,000.00 for and on behalf of the township of Lexington to the capital stock of said St. Louis & St. Joseph Railroad Company.—IV. That said bonds purport on their face to have been issued by authority of an act entitled "An Act to facilitate the construction of railroads in the State of Missouri," approved March 23d, 1868. —V. That plaintiff is a citizen of the State of Pennsylvania, and a purchaser for value before maturity of the bonds and coupons in question, without notice or knowledge of any irregularity in the subscription or issue of said bonds, except as may appear upon their face, and such as he was bound in law to take notice of, and is now the owner and bearer of the same, and that the defendant for three years paid the interest on these bonds as it fell due.—VI. The said St. Louis & St. Joseph Railroad Company was organized and incorporated on the 8th day of January, 1868, by filing articles of association on that date with the secretary of State, in pursuance of the general statutes of Missouri, title 24, of private corporations, chap. 63, of railroad companies, 1865, whereby they were authorized to construct and operate a railroad from Richmond, in Ray county, by the way of Plattsburg, to St. Joseph, in Buchanan county, the length of the road limited to 64 miles, with a capital stock of $2,000,000, each share $100, 13 directors.—VII. That the St. Louis & St. Joseph Railroad Company, southern division, was organized and incorporated on the 10th day of August, 1868, by articles of association filed with the secretary of state on that date, in pursuance of the general statutes of Missouri last aforesaid, whereby it was authorized to construct and operate a railroad "from Richmond, in Ray county, to a point on the bank of the Missouri river, opposite to the city of Lexington;" that the length of this road is intended to be about nine miles, and that said St. Louis & St. Joseph Railroad Company, southern division, did construct its said road to within 500 yards of the north bank of the Missouri river, in Ray county, opposite to said city of Lexington. The company constructing

said road had a capital stock of 200,000 dollars.—VIII. That the Missouri river is a navigable stream, and at that point is 1,500 yards in width, dividing said county of Ray from Lexington township, in Lafayette county.—IX. That said railroad companies, or either of them, have never established a depot, either freight or passenger, within the corporate limits of said city of Lexington nor within said Lexington township, but that passengers and freight are deposited on the north side of said river, in Ray county, at the depot.—X. That Lafayette county and Lexington township and the city of Lexington are located on the south side of the Missouri river.—XI. That Richmond, in Ray county, is nine miles from said Lexington township, in Lafayette county; that there is a ferry operated by a company in the city of Lexington, separate and apart from the railroad, for the purpose of accommodating the public travel and freight going north and south, crossing the river at that point, and also an omnibus company, separate and apart from the railroad or ferry company, to transport passengers to and from the said railroad depot across said ferry, and for all other purposes of general travel; and that tickets for passengers on said railroad company are sold at an office in said city of Lexington.

*Mr. J. B. Henderson* for plaintiff in error.
*Mr. Alexander Graves* and *Mr. William Young* for defendant in error.

Mr. JUSTICE HARLAN delivered the opinion of the court.

This is an action upon sundry coupons of bonds issued in November, 1868, and March, 1869, by the County Court of Lafayette County, Missouri, in the name of that county, and in payment of a subscription by it made, in behalf of Lexington township, in that county, to the capital stock of the St. Louis and St. Joseph Railroad Company, a corporation created under the laws of that State. The bonds recite that they were authorized by a vote of the people, and also that they were issued under and pursuant to an order of the County Court of Lafayette County, by authority of an act of the general assembly of the State of Missouri, approved March 23d, 1868,

entitled ' An Act to facilitate the construction of railroads in the State of Missouri. ' "

The special finding of facts presents a single question, viz., whether there was legislative authority for this issue of bonds. Its decision depends upon the construction to be given to that part of the before-mentioned act which invests county courts in Missouri with power to subscribe, in behalf of townships in their respective counties, to the capital stock of any railroad company within the State, " building or proposing to build a railroad into, through, or near such townships," &c.

When these bonds were voted by the township, as well as when they were issued, the St. Louis & St. Joseph Railroad Company did not propose to build a road into or through Lexington township, but it was proposing to build a road which its charter authorized it to construct and operate, to wit, from Richmond, in Ray county, by the way of Plattsburg, to St. Joseph, in Buchanan county. Richmond is nine miles distant from Lexington township. The contention of the defendant in error is that a road so far away was not, within the provisions of the statute, near to the township.

The word "near" is relative in its signification. What would be near in one locality would not be in another. Each case must be governed by its special circumstances. The main inquiry is whether a railroad, when constructed, would be near enough to contribute to the convenience or advance the business interests of the particular township involved. It cannot be said, as matter of law, that this road was not near enough to Lexington township to bring about such results. That was a question which the people of that township and the county court of the county were qualified and, within reasonable limits, authorized to settle for themselves. Their action in favor of a subscription was supplemented by payment of interest for three years. Under these circumstances, as between the township and a *bona fide* holder for value, as the plaintiff is conceded to be, the courts should acquiesce in the determination by the qualified voters and the local authorities, that the road in question was near to Lexington township. If there was error in this determination, it is not so plain as to

justify the courts in disturbing the practical construction put upon the statute, at the time the bonds were voted and issued, by those immediately interested in executing its provisions. *Van Hostrup v. Madison*, 1 Wall. 291; *Meyer v. Muscatine*, 1 Wall. 384.

*The judgment is reversed, with directions to enter judgment for plaintiff.*