## CHEENEY v. NEBRASKA & C. STONE CO.

*(Circuit Court, D. Colorado. March 17, 1890.)*

1. ESTOPPEL IN PAIS—BOUNDARY LINE.
  A land-owner who in good faith points out to the owner of adjoining land an incorrect division line, both parties being ignorant of the true line, is not estopped from denying that such line is the true boundary.
2. MEASURE OF DAMAGES—WILLFUL TRESPASS—STONE IN QUARRY.
  A trespasser who knowingly takes stone from the land of another is liable for the value of the stone after it has been quarried.
3. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DILIGENCE.
  A corporation will not be granted a new trial on the ground of newly-discovered evidence, to be sworn to by its own officers, who were present at the former trial, and shown by its own books, where the failure to produce such evidence at the former trial is not excused.

At Law. On motion for a new trial.
*A. L. Doud,* for plaintiff.
*Wolcott & Vaile,* for defendant.

HALLETT, J. Plaintiff and defendant own adjacent tracts of land. This action was brought May 14, 1889, to recover the value of stone taken from plaintiff's land by defendant between the 1st day of April, 1889, and the beginning of the suit. On the trial it appeared that plaintiff was in the service of defendant when the quarry from which the stone was taken was opened. This was during the year 1888, and some months prior to the alleged trespass. At that time, inquiry was made of plaintiff as to the boundary line between his land and defendant's land, immediately east of it. Plaintiff pointed out a line, blazed upon trees in that locality, which was then thought to be the true line by all parties. It does not appear by whom this line was run, or that plaintiff had any better knowledge of it than the officers and agents of defendant, and other persons in the neighborhood. The quarry was opened immediately east of this line, and upon ground which afterwards proved to be plaintiff's. Doubts having arisen as to the location of the quarry, and whether it was upon plaintiff's or defendant's land, a survey was made in March, 1889, with the knowledge and assent of both parties; and it was then ascertained that the greater part of the quarry was on plaintiff's land. This action is brought to recover the value of stone taken from the quarry by defendant after the true line between the tracts owned by the parties had been surveyed.

At the trial, defendant contended that, inasmuch as the quarry was first opened on plaintiff's land, under the circumstances stated, at an expense to defendants of about $700, plaintiff was estopped to claim any stone at that time uncovered; and, as all the stone taken by defendant between the dates named was so uncovered, with the knowledge and consent of plaintiff, before the survey was made, there was no right of action. In this, however, there is nothing on which to found an estoppel. It does not appear that plaintiff had any better knowledge of the line

than defendant.   He accepted the line marked by some one, we know not who, and pointed it out to defendant; but there is nothing to show that he intended to mislead or deceive, or that there was in his conduct anything more than a mistake of fact.   Mr. Bigelow says, (4th Ed. 596:)

"The principle upon which these cases proceed is that there must have been, when the incorrect line was acted upon, knowledge of the true boundary by the one party, and ignorance of it by the other, in order to estop the party from asserting it within the period of limitation; and this though it may have been intended that the incorrect line should be fixed upon as the true one, and acted on accordingly: and this too, it is held, though the admission was in writing, provided the instrument did not operate as a conveyance."

In this instance, there was ignorance on the part of defendant as to the true boundary line between the tracts; but there was not such knowledge on the part of plaintiff as will work an estoppel against him in this action.

It is also urged that the jury was misdirected as to the measure of damages, in that they were told to find the value of the stone after it was broken in the quarry, and ready for removal.   Defendant contends that it is liable only for the value of the stone as it lay in the land, and as part of the realty.   The plaintiff asked only for the value of stone taken after the line was surveyed, and the true boundary ascertained; and it is very clear that as to such stone the trespass was willful.   In many cases of willful trespass, it is held that the value of goods in a distant market, and after they had been greatly improved by the trespasser, may be recovered.   *Wooden-Ware Co.* v. *U. S.*, 106 U. S. 432, 1 Sup. Ct. Rep. 398.   In the case at bar the jury was advised to find only the value of the stone after it was detached from the land, and had become personalty; and that is within the rule as laid down in all courts.

In assuming that the rule of damages would be the value of the stone as it lay in the ground, it is said that defendant's counsel was so far misled that he made no inquiry or research as to the amount and value of the stone broken in the quarry; and affidavits are filed to show that the quantity of stone taken was much less than the jury have found, and that this fact may be shown from the books of the company.   But the quantity of stone taken would be the same whether the value shall be assessed in one way or the other, and it is difficult to understand in what way the measure of damages could affect the conduct of counsel in respect to producing evidence relating to the quantity of stone taken.   And there is no ground on which it can be claimed that the evidence now offered is newly discovered.   Two of the officers of the company who make affidavits as to the new facts were examined at the trial, and the third was present, and not sworn.   Plaintiff made extraordinary efforts to get the books which defendants now wish to use as evidence in another trial. All this evidence was in defendant's possession, or within its reach, at the time of the trial; and the failure to produce it is not in any way excused.   The motion for new trial will be denied.