[L. A. No. 2768.  Department One.—December 6, 1911.]

# W. J. HAUGHAWOUT, Respondent, v. CATHERINE A. PERCIVAL, Appellant.

STREET ASSESSMENT—POSTING NOTICES NEAR DOOR OF COUNCIL CHAMBER —BULLETIN BOARD ADJACENT TO MAIN ENTRANCE TO CITY HALL.— The provisions of the so-called Vrooman Act (Stats. 1885, p. 147; 1891, pp. 196, 199, 200), requiring that in proceedings for street improvements, the resolutions of intention and notice inviting sealed proposals for the work shall be posted "on or near the chamber door" of the city council, is sufficiently complied with by a posting on a bulletin board customarily used for public notices, placed in plain view in a portico leading to and about twenty feet from the main entrance door of the city hall in which such council chamber was situated, and about ninety-six feet by stairway and halls, and eighty-six feet by elevator, from the door of the council chamber.

ID.—STREET ASSESSMENT PROCEEDINGS—STRICT COMPLIANCE WITH STATUTORY REQUIREMENTS.—Proceedings for street assessments, being *in invitum* must, in order to charge the property of the owner, be based upon a compliance with the provisions of the statute authorizing the assessment, in so far, at least, as those provisions have to do with the giving of notice or other steps precedent to the jurisdiction of the board to order the work done.

ID.—MEANING OF WORD "NEAR."—The word "near," as used in the statute, does not signify any precise measure of distance. It is a relative term, and its meaning must be determined with reference to the subject-matter.

ID.—LIBERAL CONSTRUCTION OF VROOMAN ACT.—In view of the rule of construction contained in section 25 of the Vrooman Act, that its provisions "shall be liberally construed to promote the objects thereof," the provisions regarding the posting of notices, and the like, are to be read in the light of the purposes sought to be accomplished.

ID.—OBJECT OF POSTING NOTICES—NEARNESS OF PLACE QUESTION OF FACT.—The object of the posting is to give notice of the steps taken to owners of property to be affected by the work, and as the law prescribes no exact place for the posting, it is reasonable to interpret its language as requiring a posting in such location, convenient to and in the vicinity of the council chamber, as would be likely to catch the eye of any one approaching the chamber. Whether the place of posting be "near" the door of such chamber or not, is, in each case, a question of fact, to be decided upon such considerations.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Leslie R. Hewitt, and Chase, Overton & Lyman, for Appellant.

Henry J. Stevens, and O'Melveney, Stevens & Millikin, for Respondent.

SLOSS, J.—The defendant appeals from a judgment foreclosing the lien of a street assessment for sewer work done in the city of Los Angeles. The proceedings were had under the Vrooman Act. (Stats. 1885, p. 147.) Section 3 of that act, as amended in 1891 (Stats. 1891, p. 196), provides that the resolution of intention passed by the city council shall be "posted conspicuously for two days on or near the chamber door of said council." Section 5 requires that the notice inviting sealed proposals shall be "posted conspicuously for five days on or near the council chamber door of said council," and that notice of award of contract shall be posted in the same manner. (Stats. 1891, pp. 199, 200.) The complaint alleged a posting of the various documents for the required time "conspicuously near the chamber door of the council." The answer denied such posting. The finding was in favor of the plaintiff. The appellant attacks this finding as unsupported, and the only question argued is whether the court was justified in determining that the various postings were made near the council chamber door.

The case was submitted on a stipulation of facts, which described with particularity the place where the resolution and notices were posted. The room or chamber in which the city council met is on the second floor of the city hall of the said city of Los Angeles. The city hall is situated on the easterly line of Broadway. The main entrance of the building is on the Broadway frontage, access to the interior being had through a door opening from a porch or portico, which runs for a length of some fifty-five feet in a northerly and southerly direction along the outer side of the front wall of the building. To reach the council chamber it is necessary to enter the building through said door, and then, after proceeding to the stairs or elevator, ascend to the second floor, and walk to said chamber from the head of the stairs or the place where the

elevator stops. By way of the stairs this would require a journey of about forty feet from the main entrance door of the building to the foot of the stairs, twenty-six feet in mounting the stairway and thirty feet on the second floor from the stairs to the door of the council chamber. One going by elevator would be required to walk fifty-six feet on the main floor, and, after ascending eighteen feet in the elevator, he would land on the second floor at a point twelve feet from the council chamber door. Either route involves several turns or changes of direction. The resolution and notices were posted upon a bulletin board situated upon the portico above referred to, at a point about twenty feet northerly from the main entrance door of the building. All notices required to be posted by city officials were during the time of these proceedings, and for several years theretofore, posted upon this board. Any paper so posted would be in plain view of any one entering the city hall through the main entrance door, but notices could not be read by one standing at said door. There is a side entrance to the city hall, which is occasionally used by some of the public but mainly by city officers and employees. The bulletin board would not be visible from this side entrance door, but the Broadway entrance is the one generally used by the public, and the customary and usual way by which the public reached the room in which the city council met is to pass through said Broadway or front entrance, and thence, by way of the stairs or the elevator, to the upper floor.

Was a paper posted upon the bulletin board thus situated posted "near the chamber door of the council?" Proceedings for street assessments, being *in invitum,* must, in order to charge the property of the owner, be based upon a compliance with the provisions of the statute authorizing the assessment, in so far, at least, as those provisions have to do with the giving of notice or other steps precedent to the jurisdiction of the board to order the work done. (*Himmelmann* v. *Cahn,* 49 Cal. 285; *Brooks* v. *Satterlee,* 49 Cal. 289; *Dehail* v. *Morford,* 95 Cal. 457, [30 Pac. 593].) In the case last cited the court says that "it is a fundamental principle, in proceedings of this character, that every requirement of the statute which has a semblance of benefit to the owner must be observed, in order to give to the municipality jurisdiction in the premises." Accordingly, if the notice is required by the statute to be posted

at a certain place, a posting at a different place will not support an attempt to create a lien. This proposition, which, as above suggested, is elementary, is conceded by the respondent.

But, in looking to the statute to see what its requirements are, we are not compelled to give its terms the most restricted and literal construction. Section 25 of the Vrooman Act provides that "the provisions of this act shall be liberally construed to promote the objects thereof." The provisions regarding the posting of notices, and the like, are, therefore, to be read in the light of the purposes sought to be accomplished. The statute directs that the posting shall be "on or near" the council chamber door. The word "near" does not signify any precise measure of distance. It is a relative term, and its meaning must be determined with reference to the subject-matter. (*Kirkbride* v. *Lafayette Co.*, 108 U. S. 211, [27 L. Ed. 705, 2 Sup. Ct. 501]; *Barrett* v. *Schuyler Co.*, 44 Mo. 202.) In this case, the subject-matter is the action of the city council in initiating and carrying on proceedings for street improvements. The object of the posting is to give notice of the steps taken to owners of property to be affected by the work, and the legislature has, presumably, prescribed a method which, in its judgment, would be likely to bring notice to such owners. The theory underlying the requirement that the posting should be made "on or near" the door of the council chamber was, no doubt, that owners whose property might be subjected to liens would, in seeking to learn whether proceedings had been instituted, and what they were, naturally visit the place of meeting of the council, the body charged with the duty and power of ordering the improvement. Since no exact place for posting was prescribed, it is reasonable to interpret the language of the law as requiring a posting in such location, convenient to and in the vicinity of the council chamber, as would be likely to catch the eye of any one approaching the chamber. It cannot be said, as matter of law, that the location must be within ten, or fifty, or one hundred feet of the door of the council chamber. Whether the place be "near" such door or not, is, in each case, a question of fact, to be decided upon the considerations suggested.

In the present instance we think the conclusion of the trial court was not without fair support from the facts shown. The council chamber was in the city hall; the bulletin board

upon which the papers were posted was in a part of said city hall, and in plain view from its main entrance; this entrance was the one generally used by those who had occasion to visit the council chamber, and it was the board upon which notices were customarily posted. It was, therefore, so placed as to be likely to bring notices affixed to it to the attention of persons having occasion to visit the council chamber. Of course, if this place was not "near the door of the council chamber," the mere fact that a notice there posted would be as likely to be seen by persons interested as one posted at the point designated by the statute would not save the proceedings from failure. But, as we have said, the use by the legislature of the indefinite term "near" necessarily left to the officials conducting the posting a measure of latitude. This, we think, was not exceeded by the posting here made.

The authorities cited by the appellant are not, we think, in conflict with this conclusion. It would not be profitable to review them, since the holding, in each instance, is based upon statutory language differing from that before us, and upon a state of facts unlike that here presented. It may, however, be said that the reasoning of most of these cases is in harmony with the views we have announced.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.