[Civ. No. 1267.  Second Appellate District.—February 26, 1913.]

## SILAS W. HONAKER, Respondent, v. JAMES HEATLY, Appellant.

BOUNDARY—MISTAKE BY ADJACENT OWNERS—ESTOPPEL TO CLAIM TRUE LINE.—Where the owners of adjoining tracts of land were not privy to a private survey designating the dividing line, and there has been no dispute as to their boundary line, and no agreement in words as to its location, and their conduct from which an agreement might be inferred has been due to a mutual mistake of fact, neither of them will be estopped from claiming in accordance with the true boundary when it is ascertained.

ID.—CONSENT TO LINE DEFINED THROUGH MISTAKE—ESTOPPEL.—Owners of adjacent tracts of land are not bound by consent to a boundary which has been defined under a mistaken apprehension that it is the true line, each claiming only the true line wherever it may be found to be; and in such case neither party is precluded from claiming his own rights under the true line when it is discovered.

APPEAL from a judgment of the Superior Court of Imperial County and from an order refusing a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellant.

Shaw, Ross & Dyke, for Respondent.

SHAW, J.—Action of ejectment. Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

The only point urged by appellant is that the court failed to make findings upon material issues tendered by the pleadings. In addition to the denials contained in the answer, defendant, by an amendment thereto, pleaded affirmatively certain facts which he claims constituted an equitable defense to the cause of action. The court found in favor of plaintiff as to the issues tendered by the complaint, but, notwithstanding evidence offered in support thereof, refused to make any finding as to the matter set forth in the amendment to the answer, the substance of which is, that in 1903 plaintiff and defendant,

under the Homestead Act, settled on adjoining quarter sections of government land which in 1856 had been surveyed by the government, but the monuments established to designate the sectional and subdivision lines and corners had long since disappeared. In the actual entry upon the land so claimed by the parties, they both assumed that certain stakes set by the Imperial Land Company in making a private survey which purported to re-establish and retrace the lines of the government survey, correctly marked and delineated the same upon the ground. By reason of this fact both parties were thus led to believe that the strip of land which forms the subject of the controversy was included in and a part of the homestead entry made by defendant. Thereafter defendant, with plaintiff's acquiescence and co-operation, constructed over and upon said strip of land an irrigating ditch and made other improvements thereon. Thereafter it developed that the survey so made by the Imperial Land Company was erroneous and incorrect, and that the strip of land over which defendant had constructed the irrigating ditch was a part of plaintiff's homestead, title to which was acquired by him from the government. Prior to ascertaining the correct corners and lines in accordance with the government survey, plaintiff erected posts in accordance with the erroneous survey made by the Imperial Land Company, and pointed them out to defendant as designating the corners of his land.

In our opinion the facts so pleaded were clearly insufficient to constitute an equitable defense. Had the court found the issues thus tendered in favor of defendant, the judgment must, nevertheless, have been in favor of plaintiff; hence defendant was not prejudiced by reason of the failure of the court to find thereon. No question of adverse possession is presented. (*McCreery* v. *Sawyer,* 52 Cal. 257; *Montgomery* v. *Locke,* 72 Cal. 76, [13 Pac. 401].) There existed between the parties no dispute as to the location of the true boundary line. Neither party was privy to the making of the private survey. No agreement in words as to the location of the line was made, and it is clear that any acts or conduct of the parties from which an agreement might be inferred were due to a mutual mistake of fact. Under such circumstances, plaintiff was not precluded or estopped from claiming his estate in accordance with the true line when the same was ascertained. In the case

of *Schraeder Mining & Mfg. Co.* v. *Packer,* 129 U. S. 688, [32 L. Ed. 760, 9 Sup. Ct. Rep. 385], the court says: ''The decisions. in the other states generally support the rule that owners. of adjacent tracts of land are not bound by consent to a boundary which has been defined under a mistaken apprehension that it is the true line, each claiming only the true line, wherever it may be found, and that in such case neither party is precluded or estopped from claiming his own rights under the true one, when it is discovered.'' And in *Perkins* v. *Gay,* 3 Serg. & R. (Pa.) 327, [8 Am. Dec. 653], it is said: ''If the parties, from misapprehension, adjust their fences and exercise acts of ownership in conformity with a line which turns out not to be the true boundary, or permission be ignorantly given to place a fence on the land of the party, this will not amount to an agreement or be binding as an assent of the parties. . . . The reason is, that they proceed under an idea that the fact which is the inducement to the agreement is in a particular way, and give their assent, not absolutely, but on conditions that are falsified by the event.'' To the same effect is: *Cheeney* v. *Stone Co.,* 41 Fed. 740; *Winnipisiogee Paper Co.* v. *New Hampshire Land Co.,* 59 Fed. 542. Says Mr. Bigelow in his work on Estoppel, 5th ed., at page 619: ''The principal upon which these cases proceed is that there must have been, when the incorrect line was acted upon, knowledge of the true boundary by the one party and ignorance of it by the other, in order to estop the party from asserting it within the period of limitation; and this though it may have been intended that the incorrect line should be fixed upon as the true one and acted on accordingly.'' Moreover, the pleading is insufficient in that it fails to state other facts constituting essential elements of estoppel, as announced in *Maye* v. *Yappen,* 23 Cal. 306, quoted with approval in *Cottrell* v. *Pickering,* 32 Utah, 62, [10 L. R. A. (N. S.) 404, 88 Pac. 696].

Since the matters alleged were insufficient to constitute an equitable defense, the failure of the court to find thereon was not prejudicial to defendant.

The judgment and order are, therefore, affirmed.

Allen, P. J., and James, J., concurred.