[Civ. No. 2420.  First Appellate District.—July 10, 1918.]

W. R. GORDON, Respondent, v. RANSOME-CRUMMEY COMPANY (a Corporation), Appellant.

STREET LAW—REGULARITY OF PROCEEDINGS—ISSUANCE OF BONDS—CON-CLUSIVE EVIDENCE.—In street improvement proceedings, where there is an evident attempt in good faith to comply with the statute, and such substantial compliance therewith that no one has suffered from lack of strict compliance, the issuance of bonds is conclusive evidence of the regularity of the jurisdictional proceedings.

ID.—POSTING OF NOTICES—ISSUANCE OF BONDS—CURE OF TRIFLING DE-FECT.—In view of section 66 of the Improvement Act of 1911 (Stats. 1911, p. 730), a defect in the posting of two notices of the passage of the resolution of intention, in that they were posted 309 feet 4 inches apart instead of three hundred feet, as required by section 5 of the act, is cured by the issuance of bonds.

ID.—NOTICES OF IMPROVEMENT—POSTING—SUFFICIENCY OF AFFIDAVIT.—An affidavit as to completion of posting of the notice of improve-ment stating that the affiant had actually posted the notice on the street to be improved to a certain line, which line did not, however, mark the termination of the improvement, is sufficient where it was

also stated in the affidavit that affiant "posted said notices conspicuously along the line of said contemplated work or improvement at not more than three hundred feet in distance apart and not less than three in all, and when the work was to be done upon an entire crossing or any part thereof, in front of each quarter block liable to be assessed."

ID.—COMPLETION OF POSTING OF NOTICES—SUFFICIENCY OF AFFIDAVIT.—An affidavit stating "that affiant posted said notices as herein specified on the 25th day of May, A. D. 1911," is a sufficient statement that the posting was "completed" on such date, as required by section 5 of the act.

ID.—LIBERAL CONSTRUCTION OF ACT OF 1911.—The Improvement Act of 1911 by its own provisions is to be liberally construed to the end that its purposes may be effected (Stats. 1911, p. 768, sec. 82), and the provisions regarding the posting of notices and the like are to be read in the light of the purposes to be accomplished.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

R. M. F. Soto, for Appellant.

Frank J. Gordon, and Willes Whitmore, for Respondent.

BEASLY, J., *pro tem.*—The questions in this case arise out of the sale of certain property of the plaintiff to pay certain street assessment bonds which were issued by the city of Oakland in a proceeding taken by it under the Improvement Act of 1911.   (Stats. 1911, p. 730.)   The plaintiff brought an action to quiet title against the defendant, and the defendant answered, admitting that it asserted an interest in the real estate described in the complaint, and filed a cross-complaint, in which it set up all the proceedings leading up to the issuance of the bonds mentioned.   Without going further into the pleadings in this case it may be said that the correctness of the lower court's judgment quieting the plaintiff's title to the land depends upon the validity of the street improvement proceedings.   ·

The first point made by plaintiff against these proceedings is that the notice of the passage of the resolution of intention, required by section 5 of the Street Improvement Act of 1911 to be posted at intervals of not more than three hundred

feet in distance apart along the line of the contemplated improvement, was not so posted, in this, that two of these notices had an interval of 309 feet 4 inches instead of three hundred feet between them.

Section 66 of the Improvement Act of 1911 provides that bonds issued under the act shall by their issuance be conclusive evidence of the regularity of all proceedings leading thereto under the act. It is contended by the attorney for the defendant that the defect in the posting of the notices above referred to is cured by the issuance of the bonds in pursuance of section 66 of the act just quoted. On the other hand, the respondent contends that the defect is jurisdictional, and that a strict compliance with the statute as to posting was necessary to give the council authority to take further steps in the proceeding, and that, being jurisdictional, the defect could not be cured by the issuance of the bonds, or affected in any way by the so-called "conclusive evidence" provisions of section 66 of the act.

The whole question of the construction to be placed on such curative provisions as section 66 was discussed and, the profession of the law hoped, finally settled, so that no question thereon could ever thereafter be made, by the decision in the case of *Chase* v. *Trout,* 146 Cal. 350, [80 Pac. 81]; but it seems that the carelessness of city officials and the ingenuity of counsel will, in spite of the very clear and definite language of that case, still raise plausible objections to the jurisdictional steps taken by city councils in street improvement proceedings; and such has happened in this case. The supreme court, in *Chase* v. *Trout,* said that "the resolution of intention is the first step in the proceeding. It has to be published, and it is by means of such publication and the notice thereafter given which refers to it for particulars that the council acquires jurisdiction. It is a part of the 'due process of law,' required by the constitution, and want of which cannot be cured or waived by the legislature." To this statement of the law—which must be held to apply to the posting of this notice as well as the publication of the resolution of intention—Mr. Justice Shaw, in the opinion of the court, added this significant sentence: "There must be a substantial compliance with the provisions of the act in regard to this preliminary process."

From that case and the case of *Ramish* v. *Hartwell*, 126 Cal. 443, [58 Pac. 920], we understand that where, as here, there is an evident attempt in good faith to comply with the statute, and such substantial compliance therewith that no one has suffered from lack of strict compliance, the issuance of the bonds is conclusive evidence of the regularity of the jurisdictional proceedings. In other words, it cures such a trifling and inconsequential defect in the posting as here appears. This is within the spirit, and, indeed, the letter, of the rule in *Chase* v. *Trout.* We will not attempt to formulate a general rule as to what will constitute substantial compliance with the statute upon this matter; but in this case it would be trifling with justice to say that this proceeding, covering as it did a lengthy street improvement, and upon the validity of which thousands of dollars' worth of street improvement bonds may perchance depend, should be set aside because one of the notices was posted nine feet four inches farther away from the next one than it should have been.

The next attack on the proceeding is based on the insufficiency of the affidavit of the completion of posting of the notice of improvement. The law provides that "upon the completion of the posting of the notice of the improvement the superintendent of streets shall forthwith cause to be filed in the office of the city clerk an affidavit stating the fact of the completion of the posting of such notice and the date of such completion, and thereafter all persons shall be deemed to have notice of the date of the completion of the posting." The affidavit filed in the present case stated that the affiant had actually posted the notice of improvement mentioned in the resolution of intention on Congress Avenue (the street to be improved) "from the southeastern line of High Street to a line parallel to and distant 70 feet northwesterly from the southeastern line of Cortland Avenue, all as described in and in compliance with resolution of intention No. 38,146." The work on Congress Avenue was to be done not only to the line thus described 70 feet from Cortland Avenue, but also upon other parts of Congress Avenue; so that if the foregoing statement in the affidavit were all that it contained, there would be no showing that the notices were posted along the entire line of the contemplated work; but following the above-quoted portion of the affidavit was

the statement that affiant "posted said notices conspicuously along the line of said contemplated work or improvement at not more than three hundred feet in distance apart and not less than three in all, and when the work was to be done upon an entire crossing or any part thereof, in front of each quarter block liable to be assessed." This latter quoted statement is in the exact language of the statute providing for the posting of the notice. The statements are not inconsistent with the posting on that part of Congress Avenue southeasterly from the line of Cortland Avenue; both statements may be true; and it seems to us that that part of the affidavit which describes the posting of the notices as having been done to the line seventy feet northwesterly of Cortland Avenue must be read in the light of the further statement in the affidavit which, if it stood alone, would be sufficient to show the posting of the notices along the line of the contemplated work as provided in section 5 of the act. This is particularly true in view of the fact that it was the duty of the council, before proceeding further with this work, to find the fact of the posting of these notices, and that it found this fact apparently from this affidavit, thus putting a construction thereon. It seems to us that this finding of the council is by parity of reasoning within the principle laid down in *Tilton* v. *Russek*, 171 Cal. 731, [154 Pac. 860], in regard to an affidavit of diligence, in which the supreme court held that the sufficiency of such an affidavit being a subject for the determination of the court in which the validity of the proceedings was in issue, the court's conclusion would not be overturned where it had ruled upon the affidavit and held it to be sufficient.

A further criticism is made of this affidavit. The statute provides that this affidavit must state the fact of the completion of the posting of the notices, and the date of such completion, and that thereafter all persons shall be deemed to have notice of the date of the completion of such posting. The statement in the affidavit bearing upon this subject is "that affiant posted said notices as herein specified on the twenty-fifth day of May, A. D. 1911." It will be noted that the affidavit does not state categorically and in the language of the statute that the twenty-fifth day of May, 1911, was the date of the completion of the posting, nor does it use the word "completed" in relation to the posting of the

notices at all. Counsel for the respondent contends with much earnestness that the property owners having the right to protest at any time within fifteen days after the date of the completion of the posting of these notices against the proposed work, could ascertain the time within which they were to protest in only one way, namely, by an examination of this affidavit; and claims that the information required to enable them to know the time within which they could protest, namely, the date of the completion of the posting, is not contained in the affidavit, so that the time for protest has not yet run, or in any event, that the council acquired no jurisdiction to proceed further with the work.

Construction of documents such as this affidavit must be reasonable and sensible; and it seems to us that no persons reading this affidavit, in which it is stated that these notices were posted on the twenty-fifth day of May, 1911, could come to any other conclusion or construe the affidavit as meaning anything else than that the work of posting these notices was completed on that day. The language of the affidavit is equivalent to a statement that the notices were all posted on the twenty-fifth day of May, 1911, which could only mean that the posting was completed on that day. It seems to us that the fact of completion appears sufficiently from this. If, then, it be so conceded, it seems to us that the defect, if defect it is, falls within the rule of *Chase* v. *Trout, supra,* that a substantial compliance with the statute confers jurisdiction upon the council.

It may be said in passing that this proceeding involving the improvement of a long street, an expensive public work, which has been completed, should not be overturned on account of these defects in the proceeding. The Improvement Act of 1911 by its own provisions is to be liberally construed to the end that its purposes may be effected (Stats. 1911, p. 768, sec. 82); and as with the Vrooman Act, so with this act, "the provisions regarding the posting of notices and the like are to be read in the light of the purposes to be accomplished." (*Haugawout* v. *Percival,* 161 Cal. 491, [Ann. Cas. 1913D, 115, 119 Pac. 649].) No person can doubt that any property owner who may have read the affidavit of posting knew therefrom that his time for protesting began to run at the time stated in that affidavit, namely, on the twenty-fifth day of May, 1911; nor can we be

persuaded that any property owner was injured by the extra distance of nine feet four inches between two of the notices that were posted along the line of this work.

The judgment is reversed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 5, 1918.