**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

LUIS LEON,

    Defendant-Appellant.

No. 96-2102
(D.C. No. 92-CR-236-JC)
(D. New Mexico)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN and EBEL, Circuit Judges.


Defendant Luis Leon appeals his sentence imposed on remand after the original

appeal on his convictions for conspiracy to possess and distribute marijuana, under 21

U.S.C. § 846 and 18 U.S.C. § 2, and for using or carrying a firearm during a drug

trafficking crime, under 18 U.S.C. § 924(c)(1).  For the reasons stated below, we affirm.

_____

   [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

The facts underlying this case are fully set out in United States v. Gonzales, 65 F.3d 814 (10th Cir. 1995), vacated and remanded, 117 S. Ct. 1032 (1997); we mention only those pertinent to this second appeal. Defendant was arrested in a reverse sting operation in which government undercover agents posed as sellers of marijuana. Defendant served as a middle man to set up a sale transaction between undercover agents and three codefendants. The codefendants held up one of the undercover agents, took his gun, and tried to steal the marijuana. Defendant was not involved in this development; in fact, when a codefendant held up the undercover agent defendant raised his hands. When defendant did so he revealed a gun in his waistband; the codefendant took the gun and apparently later hid it behind a sofa in defendant's apartment.

The jury found defendant guilty of conspiracy, using or carrying a firearm, and possession with intent to distribute marijuana. The district court sentenced defendant to a total of 120 months imprisonment. On appeal we reversed for insufficient evidence the conviction for possession with intent to distribute. Gonzales, 65 F.3d at 819. We also determined that defendant received two erroneous enhancements to his offense level: three points for knowingly assaulting a law enforcement officer and two points for restraining a victim. Id. at 817-18, 822-23. We vacated the sentences and remanded to the district court for resentencing in accordance with the opinion.

Before he was resentenced, defendant filed a pro se motion "for resentencing" asserting that his § 924(c) conviction was improper under Bailey v. United States, 116

2

S. Ct. 501 (1995). The district court construed his pleading as a 28 U.S.C. § 2255 motion, obtained a response from the government, and denied the motion on March 19, 1996. Defendant did not appeal from that denial. Meanwhile, on March 1, 1996, the district court appointed an attorney to represent defendant in the resentencing mandated by the remand in Gonzales. On April 4, 1996, the district court resentenced defendant to fifty-one-months for the conspiracy charge followed by sixty months for the § 924(c) conviction, both to run concurrently with the state sentence then being served.

Shortly thereafter, through counsel defendant filed a Motion for Correction of Resentencing Order, pointing out that in resentencing him for the conspiracy charge the district court had again applied the two-level enhancement for restraint of a victim under USSG § 3A1.3 contrary to the Gonzales opinion. At the same time defendant sought rehearing of the denial of his § 2255 motion based on Bailey. In response to the motion for correction the district court recalculated the offense level without the two-level enhancement and reduced defendant's sentence on the conspiracy conviction to forty-one months. The court later denied the motion for reconsideration of the § 2255 motion.

On appeal defendant first asserts that his § 924(c) conviction was illegal because the gun he carried was not loaded and thus was inoperable,[1] and not a firearm under the

---

[1] When law enforcement officers searched defendant's apartment they discovered behind a couch in the living room the gun that one of the codefendants had removed from defendant's waistband. The gun was unloaded but officers found bullets and a magazine that fit the gun in a basket on a table in the kitchen.

3

statute. The challenge to the § 924 conviction is meritless. See United States v. Salazar, 66 F.3d 723, 728 (5th Cir. 1995) ("fact that a weapon is 'unloaded' or 'inoperable' does not insulate the defendant from the reach of section 924(c)(1)") (quoting United States v. Contreras, 950 F.2d 232, 241 (5th Cir. 1991), cert. denied, 504 U.S. 941 (1992)).

Defendant next points out that he has been paroled on the state sentence with which his sixty-month federal sentence for the § 924(c)(1) conviction was to run concurrently. He asserts that because he has been released from the state sentence, he also must be paroled on the concurrent federal sentence. This argument also is meritless. See United States v. Gonzales, 117 S. Ct. 1032 (1997) (holding that the mandatory five-year prison term for violating § 924(c) may not run concurrently with a state sentence).

Finally, defendant asserts that the district court erred when it did not hold a resentencing hearing and afford him an opportunity to prove by a preponderance of the evidence that he was entitled to a downward departure for acceptance of responsibility pursuant to USSG § 3E1.1. When a defendant's sentence is vacated on appeal and remanded for resentencing the district court generally must "begin anew with de novo proceedings." United States v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1996). See also United States v. Webb, 98 F.3d 585, 587 (10th Cir. 1996) (resentencing on remand is usually de novo unless appellate court specifically limited district court's discretion), cert. denied, 117 S. Ct. 1097 (1997). The district court then has the discretion to hear evidence that could have been presented at the original sentencing even as to issues that were not

the specific subject of the remand.  See United States v. Ponce, 51 F.3d 820, 826 (9th Cir. 1995).  In contrast, if a remand is narrowly confined to correcting a specific error then de novo sentencing is not appropriate.  This principle follows the "mandate rule:"  if an "appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal."  Moore, 83 F.3d at 1234.

Our earlier opinion reversed defendant's conviction for possession of drugs with intent to distribute, vacated his sentences on the conspiracy and firearm convictions, and remanded to the district court "for resentencing in accordance with [the] opinion." Gonzales, 65 F.3d at 823.  For purposes of this opinion we assume defendant had a right to be present at the resentencing and a right to allocution.[2]  See United States v. Taylor, 11 F.3d 149 (11th Cir. 1994) (when an entire sentence is vacated the right to be present at resentencing pursuant to Fed. R. Crim. P. 43 and 32 requires the court to allow the defendant the right to allocute).  Nevertheless, violations of this rule are subject to harmless error analysis.  Rogers v. United States, 422 U.S. 35, 40 (1975).  In the instant

---

[2]  The government cites our opinion in United States v. McCray, 468 F.2d 446, 450 (10th Cir. 1972), for the proposition that a defendant's presence is not required at a reduction of sentence.  The government acknowledges, however, that when a reduction of sentence is the consequence of an appellate court decision to vacate all of defendant's original sentences and remand for resentencing then the district court must conduct a resentencing hearing with the defendant present.  United States v. Maldonado, 996 F.2d 598 (2d Cir. 1993).  Although the government argues that the defendant's sentence on his conviction under § 924(c) for possession of a firearm during a drug offense was not changed, the appellate panel clearly vacated all of the sentences.

5

case defendant did not raise the issue of his right to be present and to allocution in the district court. <u>See</u>, <u>e.g.</u>, I R. 185 (Motion for Correction of Resentencing Order; defendant did not protest resentencing in his absence). Further, even if defendant had been allowed to argue for a reduction for acceptance of responsibility in the resentencing hearing, the record does not support any reduction. Had defendant gone to trial only on the possession charge defendant might be entitled to the reduction. But he forced the government to go to trial on all of the charges. Even though the conviction for possession with intent to distribute marijuana was reversed, his convictions on the other charges were not. <u>See</u> USSG § 3E1.1, comment. (n.2) ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.").

AFFIRMED. We grant defendant's motion to supplement the record.

Entered for the Court

James K. Logan
Circuit Judge