[No. 7,846.  Department Two.—May 14, 1884.]

THE CITY OF SAN JOSE, RESPONDENT, v. E. P. REED ET AL., APPELLANTS.

| 65  241 |
| 124  612 |

CONDEMNATION—COMPENSATION—EVIDENCE OF DEDICATION.—In an action to condemn a parcel of land for a public street, evidence tending to show a former dedication by the owner, for the purpose of establishing the amount of damage or compensation, is not admissible. The question of dedication is not involved in such an action for any purpose.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Wm. Matthews*, for Appellants.

The action was brought on one theory, and tried upon another.

It was an action for condemnation of land for a street. It was tried as if it were brought to abate· a nuisance maintained upon land already dedicated to public use.

*D. W. Herrington,* for Respondent, cited Mills on Eminent Domain, 160, 225; *Matter of Wall Street,* 17 Barb. 617; *Maule* v. *Baltimore,* 5 Md. 314.

MYRICK, J. — This is an action to condemn a parcel of land to the use of plaintiff as a public street. The complaint contains an averment "that said defendants are the only owners or claimants of the premises hereinafter described and sought to be condemned." On the trial the court permitted the plaintiff to give evidence tending to show that the defendant E. P. Reed had dedicated the land to the public as a street, as affecting the question of damages or compensation. This was error. No question of dedication was involved in the pleadings for any purpose. If there had been a dedication, and defendants had unlawfully obstructed the street, an action of another character could have been maintained. Either the land had been dedicated and was a public street, or the defendants were the owners. The plaintiff alleged the latter to be the fact. For the purposes of this action, then, it must stand on the allegation, and we must regard them as such. The jury gave the defendants a verdict of one dollar for the lands taken. By the testimony the lowest estimate of value was two thousand seven hundred dollars; the highest, five thousand four hundred dollars. The verdict was not sustained by the evidence; it was evidently based on the idea of a former dedication.

Judgment and order reversed and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.