**STATE ex rel. KING, Atty. Gen., v. SHEIL et al.**

No. 22916. Feb. 18, 1936.

J. Berry King, Attorney General, for plaintiff in error.

Ross Rizley and Orlando F. Sweet, for defendants in error.

PER CURIAM. This is an appeal from the district court of Texas county. The parties occupy the same position here as in the trial court, and will hereafter be referred to in this opinion as plaintiff and defendants.

The action was instituted by the plaintiff to condemn for right-of-way purposes a strip, piece, or parcel of land lying in Park addition to the townsite of Guymon, in Texas county, Okla.

Petition of plaintiff described by metes and bounds the land which it sought to acquire by the condemnation proceedings, alleging that it consisted of 83/100 of an acre, more or less, and that it was owned by the defendants; that it had been unable to acquire the property by purchase, and requested the court to appoint commissioners to inspect the property described in the petition, and to consider and appraise the injury and assess the damages resulting to the owners by reason of the appropriation of said lands. Defendants filed an answer in which they denied that the lands described, and which plaintiff was seeking to condemn, contained only 83/100 of an acre, but alleged that it consisted of approximately three acres, and that they were the owners thereof. Plaintiff filed no reply to this answer.

The court, in due course, appointed commissioners to ascertain and appraise the injury which the owners would sustain by reason of the appropriation of the lands described in plaintiff's petition. The commissioners so appointed made an inspection and report wherein they awarded the defendants the sum of $1,356 as damages for the taking and resulting injuries to their property. Plaintiff thereupon filed a written demand for a jury trial. Subsequently, trial was had to a jury and a verdict returned in favor of the defendants, assessing the damages at the sum of $1,500. Plaintiff appeals to this court.

At the trial of the case the plaintiff endeavored to show that the defendants were not the owners of certain portions of the lands described in plaintiff's petition and which it was seeking to appropriate in the condemnation proceedings. The trial court held this evidence inadmissible for the reason that the plaintiff had alleged in its petition that the defendants were the owners of the premises and were thereby estopped to deny such ownership.

As grounds for reversal, plaintiff assigns five specifications of error, but in its brief urges the single question:

"Was plaintiff entitled to show in the trial of said case that the defendants did not own a portion of the lands which were embraced within the right of way?"

As previously stated, the action was one in condemnation under the eminent domain provisions of the statutes of this state. The plaintiff described by metes and bounds the land which it sought to appropriate, and alleged that it consisted of 83/100 of an acre, more or less, and that the defendants were the owners. Defendants, by their answer, admitted that they were the owners of all the lands described in the petition, and alleged that it consisted of approximately three acres rather than 83/100 of an acre. The only issue then was as to the amount of the land in controversy, and consequently the damages resulting from its appropriation. By the pleadings the ownership of the premises stood admitted. See section 240, O. S. 1931.

The plaintiff was entitled to maintain this action by reason of authority granted under section 3, chapter 245, S. L. 1929 (sec. 10094, O. S. 1931).

It will be observed that the above sections of the statute make no provision for a determination of title to the property which may be taken under the power of eminent domain, but do provide that an effort must be made to purchase the property directly from the owners before the power may be exercised, and that the extent of the proceeding is to effect the taking of the property and a determination of the damages and injuries which the owner will sustain by reason of such taking. The statute contemplates nothing further. It is presumed that the party seeking to acquire property will inform himself as to who the owners thereof are, and make an effort to obtain the premises by a voluntary purchase, and that only when this fails will resort be had to condemnation proceedings, and that in such proceeding property necessary to be taken will be described properly and the owner of the premises will be given the required statutory notice. That, in the first instance, the commissioners will inspect and appraise the property and the injuries and damages resulting, and file their report, and that in the event the same is satisfactory to the parties in interest, this will determine the matter, it

only being necessary to then file a copy of said report with the clerk and have it recorded by him and a certified copy of such report be recorded in the office of the register of deeds (now county clerk) in the county in which said lands so condemned are situated, and this, upon payment of the condemnation money, is sufficient to divest the prior owner of the title and to vest the right thereto in the condemning party. It is only where either party is dissatisfied with the report and award of the commissioners that further action is contemplated, and this is provided for in section 11933, O. S. 1931. It will be noted that the only purpose of this provision is to afford the parties due process of law in accordance with the constitutional requirements, and to have the injury and damages assessed by jury, in the event a jury is demanded, rather than by the commissioners alone. It would indeed be an anomalous situation if the party seeking condemnation could describe the lands which he sought to acquire, allege that the defendants were the owners thereof, and then at a trial for the purpose of determining the extent of damages deny the previously alleged ownership on the part of the defendants, either in whole or in part. The plaintiff cites no authority to support such contention, and we know of none. On the contrary, the general rule, as stated in 20 C. J. 967, is as follows:

"If the petitioner recognizes the person in possession of the land as its owner by instituting against him a condemnation proceeding, no issue is raised as to the title to the land, and such person will not be required on the trial to prove his title, since the petitioner will not be permitted to deny it. * * *"

Plaintiff devotes considerable space and argument in its brief to the question of dedication by the owners of a tract or parcel of land, but, as we view this record, it has no place in an action of this sort. We conclude that the trial court correctly held that evidence of this nature was inadmissible. As said in San Jose v. Reed, 65 Cal. 241. 3 P. 806:

"In an action by a city to condemn land for use as a public street where the plaintiff alleges title to be in defendant, evidence of a dedication by him is inadmissible for the purpose of measuring damages or for any purpose. * * *"

And, as further announced in Olean v. Steyner, 135 N. Y. 341, 32 N. E. 9, 17 L. R. A. 640:

"The question of a dedication of land for street purposes cannot be raised by a village in proceedings to condemn an ease-

ment over it for a village street, as the village concedes the owner's right when it institutes a proceeding to take it away."

Plaintiff very frankly states in its brief that if its single contention, as hereinabove discussed, is not well taken, the judgment of the trial court was correct and should be affirmed. Since, as we have pointed out, the contention of the plaintiff is without merit and without support. under the authorities, we deem it unnecessary to discuss the cause further.

Judgment affirmed.

McNEILL, C. J., and RILEY, PHELPS, CORN. and GIBSON, JJ., concur.