# CITY OF SAN JOSE v. C. FREYSCHLAG.

EMINENT DOMAIN—CONDEMNATION OF LAND FOR A STREET DEDICATION.—In an action for the condemnation of land for a street, the complaint and the answer alleged that the defendant was owner of the land, and the jury, upon special issues submitted to them, assessed the defendant's damages at $300, but also found that the land had been dedicated to the public use by the defendant as a street. *Held*, that the finding concerning dedication was not within the issues; and that the defendant was entitled to the damages assessed by the jury; and *held, further*, that had the plaintiff alleged in his complaint the fact of dedication, as found by the jury, it would have alleged itself out of court.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twentieth District Court, County of Santa Clara. BELDEN, J.

The facts are stated in the opinion. After the decision in Department, the respondent filed the petition that the appeal be reheard in bank, and the application was denied.

*D. M. Delmas,* for Appellant.

The question of dedication was not presented by the pleadings, and can never arise in a case like the present. (Code Civ. Proc. §§ 1237–9, 1241, subd. 2; *Green* v. *Chandler,* 54 Cal. 626.) The very action to condemn necessarily admits title in the defendant, and leaves the question of damages the only one to be debated. (*The Peoria etc.* v. *Lawrie,* 63 Ill. 264, 266; *The Pres. etc.* v. *Givens,* 17 id. 255, 257; *Metropolitan* v. *Chicago,* 18 Alb. L. J. 517; *The Houston etc.* v. *Beckett,* 26 Ind. 53, 58.)

*D. W. Herrington,* for Respondent.

This proceeding is the proper one to accept the gift, and subject the dedication to proper control. (*Stone* v. *Brooks,* 35 Cal. 501: 21 N. Y. 474; 23 id. 64–5; 16 Barb. 251–4.) The finding of dedication by the jury was a probative fact within the issue of value involved in the pleadings. The value found by the jury was in gross; that found and awarded by the Court was this value, less the value of the use found to be dedicated to the public. It was proper to show that the estate taken was of nominal value.

Ross, J:

The City of San José commenced this action in the late Twentieth Judicial District Court, to condemn certain property to public use as a street.   The complaint contained all the allegations necessary to warrant a condemnation, and, among other things, alleged "that the lands through which the proposed street will run is claimed by defendants, and is in their possession," and "that the defendants are the only owners or claimants of the premises    *    *    *    sought to be condemned as, and for an extension of (said) street."   The answer of the defendant Freyschlag, who is the appellant here, avers that he is the owner of the property sought to be condemned, and, in effect, asks that he be allowed as damages, first, the value of the land to be taken, and, secondly, the damage to his remaining land.   The jury, in answer to special issues submitted to them, found the value of Freyschlag's land necessary to be taken to be $250, the damage to his remaining land $50, and that the proposed improvement would not benefit his remaining land at all.

The jury further found as a fact, that Freyschlag had dedicated to the public use, for the purpose of a public street, the tract sought to be condemned by the proceeding.   Upon these findings the Court below entered judgment, condemning to the use of the city, for the purposes stated, the required land of appellant, and awarded him one dime therefor; and further decreed, that upon the payment to him of that sum the city should have the right to enter upon and take possession of the land so condemned and paid for, and use the same as and for a public street.

The judgment is erroneous.   The appellant was entitled to the value of the property to be taken, as well as the damage resulting to the land not taken, by reason of its severance from the tract sought to be condemned.   (Code Civ. Proc. § 1248.) The aggregate of these sums the jury found to be three hundred dollars.

The finding concerning dedication cannot be considered.   It is not only not within the issues made by the pleadings, but is in conflict with the allegations of the plaintiff's complaint.   In-

deed, had the plaintiff alleged that the land sought to be condemned had been already dedicated by the owner to the use of the public for a street, it would have alleged itself out of Court; for in such case it would have shown the existence by virtue of the dedication, of the only right that could be acquired under our statute, by the condemnation proceedings, namely, an easement in the property for street purposes. (Code Civ. Proc. § 1239.)

The judgment and order are reversed, and the cause remanded to the Court below, with directions to enter judgment on the verdict in accordance with this opinion.

McKinstry, J., and McKee. J., concurred.