[L. A. No. 4087.   Department One.—December 11, 1917.]

ELIZABETH FERRI et al., Appellants, v. CITY OF LONG
  BEACH (a Municipal Corporation), et al., Respondents.

STREET ASSESSMENTS—STREET OPENING ACT OF 1903—NOTICE OF IM-
  PROVEMENT—ERRONEOUS DATE OF PASSAGE OF ORDINANCE—INVALID-
  ITY OF ASSESSMENT.—Under section 3 of the Street Opening Act of
  1903, requiring the publication and posting of a notice stating the
  fact and date of the passage of an ordinance of intention to order
  the work, and briefly describing the proposed improvement and re-
  ferring to the ordinance for a description of the assessment district
  and for further particulars, the notice is insufficient to give juris-
  diction, and an assessment based on it is void, if the date of the
  passage of the ordinance is incorrectly stated, and the defect is not
  cured by the fact that the notice refers to the ordinance for fur-
  ther particulars.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Phil. M. Swaffield, and Roland G. Swaffield, for Appellants.

Geo. F. Kapp, for Respondents.

SLOSS, J.—The plaintiffs, owners of property in the city
of Long Beach, brought this action against the city of Long
Beach, and the members of its board of public works, to enjoin
the enforcement of a street assessment by the sale of the
plaintiffs' property, and to have the assessment declared void.

The proceedings which are attacked were had under the
"Street Opening Act of 1903," as amended.   (Stats. 1903,
p. 376; Stats. 1909, p. 1035; Stats. 1911, pp. 855, 894; Stats.
1913, p. 429.)   The city authorities undertook to order the
widening of a street in Long Beach, and to assess the cost of
the improvement upon a certain district, which included the
lands of the plaintiffs.   Section 1 of the act gives to the city
council power to order such work to be done.   Section 2 pro-
vides that before ordering any improvement to be made, the
city council shall pass an ordinance declaring its intention
so to do.   Section 3 provides for the publication and posting
of notice of the passage of said ordinance.   Such notice is

to be posted at certain points, and "shall state the fact and date of the passage of said ordinance and briefly describe the improvement proposed, and refer to said ordinance of intention for a description of the assessment district and for further particulars." Under section 4, persons interested are authorized to file written protest within thirty days after the first publication of the notice; a time for hearing such protests is to be fixed, and the board is to pass upon the same. At the expiration of the time within which protests may be filed, or after the denial of protests which have been filed, the city council acquires jurisdiction to order the improvement.

From the findings of fact it appears that the ordinance declaring the intention of the council to order the improvement was passed on the twenty-ninth day of December, 1911. (It was passed on its first and second readings on the twenty-second day of December, 1911, but was not finally passed until December 29th, which must, of course, be taken as the date of its passage, within the meaning of the act.) The posted notice, in addition to stating that the ordinance of intention was passed on the twenty-second day of December, 1911, briefly described the improvement, and referred to said ordinance for further particulars. Notwithstanding the discrepancy between the actual date of the passage of the ordinance and the date recited in the notice, the court found that the proceedings had been conducted in substantial compliance with the law, and that the assessments levied were legal. Judgment was entered accordingly in favor of the defendants, and from this judgment the defendants appeal.

We think the conclusion of the trial court cannot be sustained. Unquestionably the giving of the notice required by the act is one of the steps necessary to confer upon the council jurisdiction to order the work done. "Proceedings for street assessments, being *in invitum*, must, in order to charge the property of the owner, be based upon a compliance with the provisions of the statute authorizing the assessment, in so far, at least, as those provisions have to do with the giving of notice or other steps precedent to the jurisdiction of the board to order the work done." (*Haughawout* v. *Percival*, 161 Cal. 491, 493, [Ann. Cas. 1913D, 115, 119 Pac. 649]; *Himmelmann* v. *Cahn*, 49 Cal. 285; *Brooks* v. *Satterlee*, 49 Cal. 289; *Dehail* v. *Morford*, 95 Cal. 457, [30 Pac. 593].)

Where the statute prescribes a certain kind of notice, a court is not justified in saying that some other kind of notice would be equally effective. Section 3 of the act provides that the notice shall state the fact *and date* of the passage of the ordinance. Confessedly, the notice in this case did not state the date of the passage of the ordinance, but stated, as such date, a day seven days prior to its actual passage. It is true that the act contains a provision (section 37) that its provisions shall be liberally construed. But no liberality of construction would justify a holding that a notice which fails to state the true date of the passage of an ordinance does state its date. Nor can we, as suggested by the respondents, hold that there was a substantial compliance with the statute because, as it is claimed, the notice gave the number of the ordinance. The argument is that anyone who desired to inspect the ordinance could find it as readily from a reference to its number as from one to its date. This may be so, but it does not appear to have been the view of the legislature, which saw fit to require a statement of the date. In *Haughawout* v. *Percival, supra,* relied on by the respondents, the notice was, as we held, substantially that required by the statute, not a notice different from, although perhaps just as good as, the notice called for by the act. For us to hold that a statement of the number of an ordinance is equivalent, or substantially equivalent, to a statement of its date would be to make a statute, rather than to interpret one. It may be remarked, incidentally, that the record does not show that the posted notice contained a statement of the number of the ordinance.

It need hardly be said that the defective notice is not cured by the fact that it refers to the ordinance itself for further particulars. The statute requires such reference in addition to the statement of the date. Upon the facts found the conclusion of law should have been that the assessments complained of were void and that their collection should be enjoined.

The judgment is reversed, with directions to the court below to enter judgment upon the findings in favor of the plaintiffs, as prayed in their complaint.

Shaw, J., and Lawlor, J., concurred.