[Civ. No. 8300. First Appellate District, Division One.—November 28, 1932.]

VICTOR L. FLEMING, Appellant, v. THE CITY OF LOS ANGELES et al., Respondents.

Hall & Kranz and Donnell G. Montgomery for Appellant.

Erwin P. Werner, City Attorney, and Jerrell Babb, Deputy City Attorney, for Respondents.

KNIGHT, J.—Defendants' demurrer to plaintiff's complaint was sustained without leave to amend, and plaintiff appeals.

The action was one to have declared void a street assessment levied against plaintiff's lot pursuant to proceedings taken under the authority of the Street Opening Act of 1903 (Stats. 1903, p. 376), and to enjoin the enforcement of said assessment. It appears from the complaint that the improvement contemplated by the proceeding was the widening of Los Feliz Boulevard in Los Angeles, for a certain distance, and that in order to accomplish such purpose it was necessary to take a narrow strip of land from the abutting lot of plaintiff. The assessment plaintiff sought to have nullified was levied on the remaining part of his lot in proportion to the benefit derived thereby from the widening of the street.

The point plaintiff makes against the validity of the proceedings relates to the matter of the description of the land to be taken, and arises out of the following facts, as shown by the complaint: The ordinance of intention definitely and with exactness described by metes and bounds, and courses and distances, the exterior boundaries of a twenty-foot strip of land along the southeasterly side of

Los Feliz Boulevard which the city intended to take for the widening of the street; and the description concluded as follows: " . . . excepting therefrom so much of said land which may be included within the lines of any public street or alley"; and in this connection the complaint alleges that prior to the time said proceedings were initiated plaintiff's predecessor in interest conveyed to the city for street purposes an easement over and along a ten-foot strip of his lot adjacent to Los Feliz Boulevard, which was accepted as such by the city. Continuing, the complaint alleges that said ordinance referred to a map upon which was delineated the land intended to be taken, which included the ten-foot strip in front of plaintiff's lot covered by the easement theretofore granted; and that a similar map was prepared and accepted by the city for assessment purposes. The complaint then goes on to allege that subsequent to the completion of the street widening proceedings before the municipal government and pursuant thereto the city filed an action for the condemnation of the land needed for said improvement, and obtained an interlocutory decree therefor; that the strip of land sought to be taken was described in the complaint and interlocutory decree therein as follows: "All that portion of Lot 17 . . . lying between the southeasterly line of Los Feliz Boulevard and a line parallel with and distant 20 feet southeasterly, measured at right angles, from said southeasterly line of Los Feliz Boulevard"; and in this connection plaintiff complains that it cannot be determined therefrom whether the city condemned a twenty-foot strip measured from the original line of Los Feliz Boulevard or from the line thereof as established by the grant of said easement.

It is evident, however, that the matter of the condemnation proceeding can have no effect whatever upon the question of the validity of the assessment levied pursuant to the street widening proceedings had before the municipal government. As stated, the sole purpose of the present action was to annul the street assessment and to enjoin its enforcement against plaintiff's property; and therefore the question of the validity of such assessment must be determined from the street widening proceedings themselves, regardless of what may have happened afterward in the condemnation action If there was any ambiguity of description in the

latter action, or if the city sought to take thereby more land than was authorized by said street widening proceedings, plaintiff should have urged his objection in the condemnation proceeding or had the matter corrected on appeal from any final judgment rendered therein. Nor is the case of *O. T. Johnson Corp.* v. *City of Los Angeles,* 198 Cal. 308 [245 Pac. 164], helpful to plaintiff's theory because that action did not have for its purpose the object sought by the present one. No attack was made therein upon the validity of a street assessment, nor did the action involve a question of alleged faulty description of property. As stated in the opening paragraph of the decision, it was an action to enjoin the city from expending any money in furtherance of certain street widening proceedings including the cost of the prosecution of pending condemnation actions, upon the ground that the ordinance of intention contemplated and described one improvement, namely, the widening and extension of certain specified streets, whereas the improvement sought to be carried out thereafter was entirely different, namely, the laying out and opening of an entirely new street, 1800 feet in length, through private property. It was held, therefore, that since the ordinance of intention failed to describe the improvement sought to be carried out, the city should be enjoined from expending any money in attempting to do so.

Turning, then, to the question of the validity of the assessment in the present case, the act provides that the ordinance of intention shall "briefly describe the improvement proposed", which has been held to mean that the improvement shall be described with such reasonable certainty that a person of ordinary understanding may know what is proposed to be done (19 Cal. Jur. 239, and cases cited) and shall not be so ambiguous as to mislead. (*Piedmont Pav. Co.* v. *Allman,* 136 Cal. 88 [68 Pac. 493].) In the present case it is not claimed that the description of the proposed improvement, as set forth in the ordinance of intention, was either ambiguous or misleading. As already pointed out, it described with accuracy and exactness the land intended to be taken; and even though the maps referred to did include in the delineation of the land to be taken the ten-foot strip over which the easement had theretofore been granted, it amounted to no more than an

irregularity in the proceedings which occurred during the progress thereof, after the city had acquired jurisdiction, and about which plaintiff may not now complain, because so far as the record shows he failed to challenge the correctness of the maps while the proceedings were in progress before the municipal board. (*Buckman* v. *Landers,* 111 Cal. 347 [43 Pac. 1125]; *Ahlman* v. *Barber Asphalt Pav. Co.,* 40 Cal. App. 395 [181 Pac. 238].) At most, the mistake complained of can be construed only as an admission on the part of the city that it did not claim any right in said easement. (*City of San Jose* v. *Reed,* 65 Cal. 241 [3 Pac. 806]; *City of San Jose* v. *Freyschlag,* 56 Cal. 8.)

After reviewing the entire complaint we agree with the trial court that no legal grounds were set forth therein upon which to base a finding that the assessment was void. The judgment appealed from is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.