[Civ. No. 20867.    Second Dist., Div. Three.    July 27, 1955.]

MICHAEL De LUCA, Appellant, v. BOARD OF SUPER-VISORS OF LOS ANGELES COUNTY et al., Respondents.

[Civ. No. 20868.    Second Dist., Div. Three.    July 27, 1955.]

BARTHOLOMAE CORPORATION (a Corporation), Appellant, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Respondents.

Mize, Kroese, Larsh & Mize and Royal E. Hubbard for Appellants.

Harold W. Kennedy, County Counsel, Edward H. Gaylord, Deputy County Counsel and Burke, Williams & Sorensen for Respondents.

ASHBURN, J., pro tem.*—These cases involve the same facts and identical law points, with one exception which needs no comment. Each is an appeal from an order denying petition for writ of review. Counsel for the respondent board of supervisors stood upon a memorandum of law filed in opposition to the application and the ruling must be tested by the allegations of the petition. That of De Luca will be reviewed; the Bartholomae Corporation petition contains the same allegations.

Petitioner says he is the owner of certain real property upon which he has a residence; it is located within zones A-1 and M-3 under the county zoning ordinance, No. 1494, and the maintenance of a public dump in those zones is prohibited; respondent Valley Land Development Company filed an application with the regional planning commission of the county requesting that a zone exception be granted ''to permit a public dump'' upon its land which is in the immediate vicinity of that of petitioner; the zoning ordinance requires 10 days notice of hearing of such an application, i.e., by publication in a newspaper, and by post card mailed to all persons whose names and addresses appear on the assessment roll as owning property within a distance of 500 feet from the exterior bound-

*Assigned by Chairman of Judicial Council.

aries of the area to be occupied by the use for which the variance is sought; notice was published and mailed; each gave notice of a hearing of a request for an exception to the A-1 zone ''in order to establish, operate and maintain, a land reclamation project'' on the subject property. Each petition also says that there are only two land owners in the vicinity of applicant's property which are within 500 feet of its exterior boundaries, and that one of those owners is said Valley Land Development Company. The petition says the notice was published as required and was mailed to the persons required by the ordinance, but does not show whether petitioner received one or whether he ever saw or knew its contents. It is alleged that a public hearing was held by the zoning board, which made findings favorable to the application and recommended that the exception applied for be granted; that thereafter the regional planning commission approved and adopted said finding and recommendation. Also that, within the time prescribed by the ordinance, an appeal was taken by Bartholomae Corporation to the board of supervisors and the decision of the regional planning commission was affirmed. It was alleged further, by way of conclusion, that the establishment of a dump as contemplated would constitute a nuisance; also that it would depreciate the value of petitioner's property.

The petition and the briefs on appeal assert an excess of jurisdiction in that the published and mailed notices ''contain no adequate intimation of the true subject matter of the application, namely, permission to establish a public dump on the property described''; that they ''are not real notice, or in truth and in fact any notice at all.'' The gist of the argument is that a public dump is not ''a land reclamation project'' and that the notice is essentially misleading; that the object of a notice is an opportunity to interested persons to be heard and hence it must adequately inform as to the true nature and subject matter of the hearing. Also that ''when the method for the exercise of the power is prescribed by the statute such method is the measure of the power to act. . . . When the statute requires notice and hearing as to the possible effect of a zoning law upon property rights the action of the legislative body becomes *quasi* judicial in character and the statutory notice and hearing then becomes necessary in order to satisfy the requirements of due process and may not be dispensed with.'' (*Hurst* v. *City of Burlingame*, 207 Cal. 134, 141 [227 P. 308].) Appellant relies upon *Kane* v. *Board*

*of Appeals of City of Medford,* 273 Mass. 97 [173 N.E. 1], which holds in effect that such a notice must be a real and not a misleading one.

Counsel for respondent Board of Supervisors argue "As a practical matter there is no distinction between a land reclamation project and a dump, when the reclamation is carried on by means of a sanitary fill operation. . . . In view of the modern practices of land reclamation the terms 'land reclamation project' and 'public dump' are sufficiently synonymous so that notice of one constitutes notice of the other," and they say that the zoning ordinance provides: " 'SECTION 224. Land Reclamation Projects Defined. The disposal of rubbish and unwanted material in such a manner so as to fill up holes and other depressions or in other ways make the property more usable shall be known as a land reclamation project.' "

We find it unnecessary to resolve these questions propounded by counsel for the petition fails to aver any facts showing injury to petitioner as a result of the alleged inadequacy of the notice. The point is raised by respondent and is meritorious.

Petitioner does not specifically allege that his property is within 500 feet of the exterior boundaries of that of Valley Land Development Company, although his allegations are obviously designed to give that impression—that he was entitled to mailed notice. Not only does petitioner fail to disclose whether he was in fact entitled to notice by mail, or whether one was received in that manner, or whether he acquired knowledge of the contents of a published notice, or whether he was misled thereby into staying away from the hearing, but he does not tell the court whether he did attend and participate in the meeting, with or without protest as to the form of the notice.

The general rule is that one who has been notified to attend a certain proceeding and does do so, cannot be heard to complain of alleged insufficiency of the notice; it has in such instance served its purpose. This rule applies to one who appears in a lawsuit after defective service of process upon him (21 Cal.Jur. § 4, p. 477), to one who responds to a notice of motion without adequate notice (18 Cal.Jur. § 7, p. 652). Also to one who appears in an administrative proceeding without the notice to which he is entitled by law. (2 Cal. Jur.2d § 108, p. 202; *Howe* v. *State Bar,* 212 Cal. 222, 231 [298 P. 25]; *Light* v. *State Bar,* 14 Cal.2d 328, 331-332 [94

P.2d 35]; *Farmers & Merchants Bank* v. *Board of Equalization*, 97 Cal. 318, 325 [32 P. 312].) The rule also applies to a hearing upon a zoning application. See *Hopkins* v. *MacCulloch*, 35 Cal.App.2d 442, 451 [95 P.2d 950]; *Livingstone Rock & Gravel Co.* v. *County of Los Angeles*, 43 Cal.2d 121, 129 [272 P.2d 4]; *Keeling* v. *Board of Zoning Appeals*, 117 Ind.App. 314 [69 N.E.2d 613, 616]; *Wilson* v. *Township Committee of Union Tp.*, 123 N.J.L. 474 [9 A.2d 771, 772]; *Hancock & Others* v. *City of Boston*, 1 Metc. (42 Mass.) 122, 123.

■ It is incumbent upon the petitioner to aver facts which show an absence or excess of jurisdiction. (10 Cal.Jur.2d, § 212, p. 348; § 68, p. 141; § 86, p. 166; *Chambers* v. *County of Tehama*, 57 Cal.App. 401, 407 [207 P. 288]; *Landtbom* v. *Board of Fire Commrs.*, 98 Cal.App. 629, 632 [277 P. 369]; *Traders' Credit Corp.* v. *Superior Court*, 111 Cal.App. 663, 666 [296 P. 99]; 2 Cal. Jur.2d, § 212, p. 348.) ■ And, as there is a presumption of regularity and legality of official action (Code Civ. Proc., § 1963, subd. 15) the allegations must be sufficient to overthrow the same. In *Pacific States Box & Basket Co.* v. *White*, 296 U.S. 176 [56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853], the court affirmed an order dismissing a suit to enjoin enforcement of an order of the Oregon Department of Agriculture prescribing use of a certain type of container for berries. Concerning the sufficiency of the allegations, the court said at page 185: "It is urged that this rebuttable presumption of the existence of a state of facts sufficient to justify the exertion of the police power attaches only to acts of legislature; and that where the regulation is the act of an administrative body, no such presumption exists, so that the burden of proving the justifying facts is upon him who seeks to sustain the validity of the regulation. The contention is without support in authority or reason, and rests upon misconception. . . .

■ "But where the regulation is within the scope of authority legally delegated, the presumption of the existence of facts justifying its specific exercise attaches alike to statutes, to municipal ordinances, and to orders of administrative bodies. Compare *Aetna Ins. Co.* v. *Hyde*, 275 U.S. 440, 447 [48 S.Ct. 174, 72 L.Ed. 357, 364]."

■ *Beverly Oil Co.* v. *City of Los Angeles*, 40 Cal.2d 552 [254 P.2d 865], was an attack upon the application of a zoning ordinance to plaintiff's noncomforming use. At page 559 the court said: "The burden rests upon the plaintiff to estab-

lish the invalidity of the ordinance in its application to the property involved. The plaintiff's failure to sustain this burden raises a presumption of the existence of such facts as are sufficient to sustain the ordinance. (*Pacific States Box & Basket Co.* v. *White,* 296 U.S. 176 [56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853].)"

If petitioner was misled in any substantial way by the notice in question or if he was not present at the hearing, it was necessary for him to show the fact in his petition; as he has not done this the presumption of lawful action is not overthrown and his petition was properly denied.

The order denying certiorari is affirmed in each case.

Shinn, P. J., and Vallée, J., concurred.

Appellants' petitions for a hearing by the Supreme Court were denied September 21, 1955.