[Civ. No. 19369. Third Dist. Mar. 31, 1981.]

GARY C. TANKO WELL DRILLING, INC., Plaintiff and Appellant, v.
DALE DODDS et al., Defendants and Respondents.

COUNSEL

Eubanks, Shabart & Syftestad and Robert R. Schaldach for Plaintiff and Appellant.

T. L. Johanson for Defendants and Respondents.

## OPINION

**REYNOSO, Acting P. J.**—We are asked to interpret one of the notice provisions relating to mechanics' liens. (Civ. Code, § 3093.) Must an effective notice of completion (Civ. Code, § 3093, subd. (a)) when the owner is the builder, name each of the contractors? Alternatively, when no general contractor exists does it suffice to name the owner?

 We hold that if no general contractor is involved and the owner is the builder, substantial compliance with the provisions of Civil Code section 3093 is found when the name of the owner is cited in place of the nonexistent general contractor. Our opinion, as we explain below, is founded on our view that the statute aims at fair notice.

Plaintiff Gary C. Tanko Well Drilling, Inc., appeals from the judgment after trial by court which denied him a judgment of foreclosure of his claim of mechanics' lien against defendant Christine Tinney. Rather, the court declared her real property free and clear of his claim of lien. The judgment also awarded plaintiff Tanko judgment against defendants Dale Dodds and Mary Dodds in the sum of $3,300 plus interest.

I

Plaintiff is a California corporation as well as a duly licensed drilling contractor. On or about April 1, 1977, plaintiff completed the drilling of a well and installation of a pump and pressure system on defendants Dodds' real property in Placer County, California. The work was performed pursuant to an oral agreement with Dale Dodds for an agreed price of $3,300. Later that month, on April 8, 1977, defendant Dale Dodds filed a notice of completion with the Placer County Recorder's office and three days later, on April 11, 1977, the Dodds conveyed title to the property by grant deed to defendant Tinney. On May 1, 1977, plaintiff's bookkeeper sent an invoice to defendants Dodds in the amount of $3,300.

At the time of the conveyance to defendant Tinney, the existence of the improvement and the unpaid invoice were known to Placer Title Company, by whose escrow the transfer of the interest of defendants Dodds to defendant Tinney was effected. When the transfer took place the obligation to plaintiff was not paid, although plaintiff's bookkeeper had been told by the title company that it would be paying the claim from the escrow account. The title company was not made a party to this action.

Seventy-four days after the notice of completion was filed by defendant Dodds (on June 22, 1977), and 82 days after actual completion of the work, plaintiff filed a mechanic's lien for $3,300 against the real property with the Placer County Recorder's office.

Plaintiff filed a complaint against defendants Dodds and Tinney on several causes including the foreclosure of the mechanics' lien. Defendants Dodds did not appear, either personally, or by counsel. The remaining parties stipulated that the only issue remaining to be decided by the court was the validity and force and effect of the notice of com-

pletion on the filing of the mechanics' lien. Defendant Dodds complied strictly with nine of ten statutory requirements found in Civil Code section 3093.[1] The controversy focused on the remaining requirement which calls on the person filing to name the "original contractor, if any" in the lien form. Defendant Dodds inserted his own name. Dodds had acted on his own behalf in entering the contract with Tanko. Nowhere in the record do we find evidence, nor does plaintiff assert, that he was misled by the notice as filed.

The court found that the notice of completion was valid and complied with all statutory requirements; that plaintiff's mechanics' lien was invalid and unenforceable since it was not recorded within 60 days of the notice of completion; and that defendant Tinney's real property was free and clear of plaintiff's lien. Accordingly, the court entered judgment for defendant Tinney against plaintiff and for plaintiff against defendants Dodds. This appeal followed.

## II

The sole issue on appeal is whether the notice of completion recorded by defendant Dodds on April 8, 1977, is legally sufficient to shorten the time within which a claim of mechanics' lien may be filed.[2] Both parties concede that if the notice is valid, then the claim of mechanics' lien may not be foreclosed against the property of defendant Tinney because plaintiff filed his lien 74 days after the notice of completion was filed. Plaintiff challenges the validity of the notice, asserting that it failed to comply with each and every requirement enumerated in the controlling statute, Civil Code section 3093.[3] Plaintiff contends that because defen-

---

[1] Civil Code section 3093 lists five enumerated informational requirements, subdivisions (a) through (e). In addition, the statute requires that the notice be (6) in writing, (7) signed, (8) verified, (9) filed within 10 days of completion of the project, and (10) filed in the county recorder's office in which the property is situated.

[2] Civil Code section 3115 provides: "Each original contractor, in order to enforce a lien, must record his claim of lien after he completes his contract and before the expiration of (a) 90 days after the completion of the work of improvement as defined in Section 3106 if no notice of completion or notice of cessation has been recorded, or (b) 60 days after recordation of a notice of completion or notice of cessation."

[3] Civil Code section 3093 reads: "'Notice of Completion' means a written notice, signed and verified by the owner or his agent, containing all of the following:
"(a) The date of completion (other than a cessation of labor). The recital of an erroneous date of completion shall not, however, affect the validity of the notice if the true date of completion is within 10 days preceding the date of recording of such notice.
"(b) The name and address of the owner.

dant Dodds inserted his own name, rather than that of plaintiff, on the form in the space provided for the "name of the original contractor, if any" it fails to comply with subdivision (e) of section 3093. Plaintiff urges us to construe the statute strictly and find that this error voids the notice as a matter of law without regard to whether he was actually misled.

A consideration of the nature of a mechanics' lien is helpful. ■ A mechanics' lien is the remedy provided by the California Constitution[4] as implemented by the statutes; it enforces against the owner of property payment of the debt incurred for the performance of labor, or the furnishing of material used in construction. (*Heberling* v. *Day* (1922) 59 Cal.App. 13, 22 [209 P. 908].) The purpose of the statute, Civil Code sections 3082 through 3267, is to provide protection to the supplier of materials or services used in an improvement to land, and to ensure that the supplier receives the payment due. (*Nolte* v. *Smith* (1961) 189 Cal.App.2d 140, 144 [11 Cal.Rptr. 261, 87 A.L.R.2d 996].) The supplier requires this protection because of the contribution which increases the value of the property. The lien holder is part of an industry which is composed of thousands of individuals and entities, "all more or less experienced, more or less dependable, more or less honorable in their business practices, through whom money, paid out by the owner at the top must filter down." (See *Owner Liability for Construction Costs* (1977) 52 State Bar J. 526, 527.) A project may involve

"(c) The nature of the interest or estate of the owner.

"(d) A description of the site sufficient for identification, containing the street address of the site, if any. If a sufficient legal description of the site is given, the validity of the notice shall not, however, be affected by the fact that the street address recited is erroneous or that such street address is omitted.

"(e) The name of the original contractor, if any, or if the notice is given only of completion of a contract for a particular portion of such work of improvement, as provided in Section 3117, then the name of the original contractor under such contract, and a general statement of the kind of work done or materials furnished pursuant to such contract.

"The notice of completion shall be recorded in the office of the county recorder of the county in which the site is located, within 10 days after such completion.

"If there is more than one owner, any notice of completion signed by less than all such co-owners shall recite the names and addresses of all of such co-owners; and provided further, that any notice of completion signed by a successor in interest shall recite the names and addresses of his transferor or transferors.

"For the purpose of this section, owner is defined as set forth in subdivision (g) of Section 3092."

[4]Article XIV, section 3 of the California Constitution provides: "Mechanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

thousands of dollars, months of construction, and multiple contractors, including numerous subcontractors during different phases of construction. Oftentimes, the subcontractors may not know the name of the owner of the property.

The constitutional scheme requires a balancing of the interests of lien claimants and property owners. Our statutes relating to mechanics' liens result from the legislative adjustment regarding the respective rights of lien claimants with those of the owners of property improved. (*Borchers Bros.* v. *Buckeye Incubator Co.* (1963) 59 Cal.2d 234, 239 [28 Cal.Rptr. 697, 379 P.2d 1]; *Baker* v. *Hubbard* (1980) 101 Cal. App.3d 226, 233-234 [161 Cal.Rptr. 551].) Therefore, whenever possible, the statutes pertaining to the enforcement of mechanics' liens should be liberally construed to effectuate the purposes of the law (*Consolidated Lumber Co.* v. *Bosworth, Inc.* (1919) 40 Cal.App. 80, 86 [180 P. 60].) ■ When in dispute, a determination of the prescribed time is a matter of law which may be independently considered on appeal by a construction of the pertinent statutes. (*M. Arthur Gensler, Jr., & Associates, Inc.* v. *Larry Barrett, Inc.* (1972) 7 Cal.3d 695, 703 [103 Cal. Rptr. 247, 499 P.2d 503].)

■ The purpose of the notice of completion is to protect the owner by shortening the time period in which stop notices or mechanics' lien claims may be filed (*Fidelity Sound Systems, Inc.* v. *American Bonding Co.* (1978) 85 Cal.App.3d Supp. 13 [149 Cal.Rptr. 674].) as well as to give notice to interested parties in order that they may file their lien claims in due time. (*Boscus* v. *Waldmann* (1916) 31 Cal.App. 245, 255 [160 P. 180].) The purpose, and therefore the substance, of a notice of completion is to give notice to potential lien claimants that the project is complete and they must file their liens. The notice should be upheld if it provides proper notice to the lien claimant. (See 44 Cal.Jur.2d, Secured Transactions, § 78, p. 340.)

■ Our conclusion flows from the nature of the mechanics' lien and the purpose which underlies the notice completion provisions. The insertion of Dale Dodds' name, together with other properly filed information, placed plaintiff on notice.

We hold that where, as here, only two parties (the owner and the contractor) are involved, and are dealing face-to-face, the purposes of both the mechanics' lien law and the notice of completion are realized

when the owner inserts his own name as the "original contractor." The notice substantially complied with the requirements of Civil Code section 3093.

The judgment is affirmed.

Blease, J., and Carr, J., concurred.

A petition for a rehearing was denied April 30, 1981.