Filed 8/29/13  Amoroso v. Cal. Dept. of Transporation CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANGELA AMOROSO,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br><br>　　　Defendant and Respondent. | D062099<br><br><br><br>(Super. Ct. No. 37-2011-00101186-CU-NP-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Gonzalo P. Curiel, Judge.  Dismissed.

Kaloogian & Fuselier, Lowell Robert Fuselier and David T. Hayek for Plaintiff and Appellant.

Ronald W. Beals, Chief Counsel, Jeffrey R. Benowitz, Deputy Chief Counsel, and Scott R. Fridell, Deputy Attorney, for Defendant and Respondent.

Plaintiff and appellant Angela Amoroso was the former lessee and occupant of a commercial building that is owned by the Department of Transportation of the State of

California (Caltrans).  Amoroso appeals from an April 6, 2012 order dissolving a temporary restraining order that had prevented Caltrans from attempting to evict Amoroso.[1]

After entry of the dissolution order Amoroso challenges on appeal, the following events occurred: in late April 2012, Amoroso vacated the leased property; on September 11, 2012, Caltrans obtained an unlawful detainer judgment, which is now final; in January 2013, the building housing the leased property was demolished.  In light of the facts that (i) Amoroso vacated the leased property, (ii) her right to possession has been finally adjudicated, and (iii) the subject of her lease has been demolished, we are unable to provide her with any effective relief from the order dissolving the temporary restraining order.  Accordingly, we dismiss Amoroso's appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2009, Amoroso signed a lease with the prior owner of the building where she operated a dance studio.  The building was located in the Sorrento Valley area of San Diego and, by its terms, Amoroso's lease expired on December 31, 2011.  A provision of the lease, paragraph 47 states:  "Lease Term Extension:  Lessee shall have the 'first right of refusal' to extend the lease term for an additional five (5)–year period with the monthly rent to be set at prevailing 'market rent' for the Sorrento Valley area.  At the end of the lease term, if the lessor still owns the 11777 Sorrento Valley Road building, is in a legal position to extend the lease terms, then Lessee shall have the 'first right of refusal' to lease

---

[1]     We grant Amoroso's request for judicial notice dated June 4, 2013.

the premises."

At the time Amoroso signed the lease, the prior owner of the building was involved in litigation against Caltrans with respect to flooding damage the building and adjacent buildings had suffered and which the prior owner attributed to work Caltrans had completed on Interstate Highway 5. In July 2010, that litigation was resolved by way of an agreement under which Caltrans purchased the buildings. Following the purchase, Caltrans became Amoroso's landlord.

On September 22, 2011, Caltrans sent Amoroso a letter that confirmed it was unwilling to extend the lease beyond December 31, 2011.

Amoroso filed a complaint against Caltrans on November 16, 2011 in which she alleged causes of action for negligence, breach of contract and injunctive relief. On December 16, 2011, the trial court issued a temporary restraining order preventing Caltrans from attempting to evict Amoroso.

On January 4, 2012, Amoroso filed a supplemental complaint in which she alleged she had the right to extend the lease under the terms of paragraph 47.

On April 6, 2012, on Caltrans's motion, the trial court dissolved the temporary restraining order that prevented Caltrans from attempting to evict Amoroso.

Shortly after the trial court dissolved the temporary restraining order, Amoroso vacated the leased property. Notwithstanding the fact she vacated the premises she was leasing, Amoroso filed a timely notice of appeal from the order dissolving the temporary restraining order.

3

On September 11, 2012, Caltrans obtained a judgment against Amoroso in a separate unlawful detainer action it had initiated. Amoroso did not appeal from the unlawful detainer judgment, and it is now final.

In late January 2013, the building that housed Amoroso's dance studio was demolished.

Caltrans has moved to dismiss Amoroso's appeal on the grounds that it is moot.

DISCUSSION

On its face, the temporary restraining order, which is the basis for this appeal, merely preserved Amoroso's ability to litigate her right to possession of the leased premises. The unlawful detainer judgment Caltrans later obtained, which is now final, determined that Amoroso no longer has any right to possess the leased premises. (See *Vella v. Hudgins* (1977) 20 Cal.3d 251, 255-256; *Zimmerman v. Stotter* (1984) 160 Cal.App.3d 1067, 1074-1075.) As we noted at the outset, not only has Amoroso vacated the premises, the building that formerly housed her dance studio has been demolished. Given these circumstances, we have no power to provide Amoroso any effective relief from any error the trial court may have committed in vacating the temporary restraining order. Thus, her appeal must be dismissed as moot. (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 11; *Downtown Palo Alto Com. for Fair Assessment v. City Council* (1986) 180 Cal.App.3d 384, 391.)

The fact that the unlawful detainer judgment, like any other judgment, is subject to collateral attack, does not alter its current binding effect on the parties and this court.

4

Until the judgment has been set aside, we may not ignore it.  (See *Zimmerman v. Stotter*, *supra*, 160 Cal.App.3d at pp. 1074-1075.)

Contrary to Amoroso's suggestion, there is nothing in the record that demonstrates Caltrans committed any unlawful or wrongful act in obtaining possession by way of the unlawful detainer action or thereafter demolishing the building.  Thus, it cannot be said Amoroso's appeal became moot as a result of any *fault* on the part of Caltrans.  (See *Finnie v. Town of Tiburon*, *supra*, 199 Cal.App.3d at p. 10.)

DISPOSITION

Amoroso's appeal is dismissed.  Caltrans to recover its costs of appeal.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.